## LYNCH *vs.* JACKSON.

1. "To determine whether a former recovery- is a bar to a subsequent action, a good test is, whether the same evidence will support both actions."

2. Where a suit is brought against one individually, and he defends under the title of another, to make the judgment a bar in another suit, at the instance of that third person, the *pleadings* should show that there was privity in representation between the defendant and that third person.

3. When a trust terminates before final judgment in a case, the *cestui que trust* should be made a party by notice or otherwise to the proceeding: otherwise, the judgment is no bar.

Trover, in Warren Superior Court. Tried before Judge THOMAS, at the April Term, 1860.

This was an action brought by Ellen R. Lynch, against Archibald M. Jackson, to recover damages for the alleged conversion, by the defendant, of a negro girl by the name of Susan, belonging to the plaintiff.

The facts of the case are substantially as follows:

Sometime in the year 1850, Barnard W. Fickling, the grandfather of the plaintiff, gave, by parol—accompanied with actual delivery—the negro girl in dispute to the plaintiff, at the same time telling the mother of the plaintiff to

---

**FORMER JUDGMENT.** "Sound sense, as well as the adjudication of the courts, lay down the rule that **the rights of the parties must be actually considered and adjudicated before the former adjudication will bar the subsequent suit.** In other words, the merits of the case between the parties must be adjudicated. See further on this subject, our own Civil Code of 1895, §5095; Dudley's R. 254; 4 Ga. 558; 6 Ga. 495; 7 Ga. 211; 15 Ga. 270; 19 Ga. 413; 31 Ga. 668; 32 Ga. 63; 49 Ga. 412; 54 Ga. 575; 55 Ga. 354, 228; 56 Ga. 520; 1 Otto, 534; 4 Otto, 351, 400, 423, 477, 606, 644; Civil Code of 1895, §§3741-2." National Bank of Augusta *v.* Southern Porcelain Mfg. Co., 59 Ga. 165.

take charge of the negro and learn her to sew, etc., until the plaintiff married, or became of sufficient age to control and manage the negro herself. Barnard W. Fickling died in 1851, and the defendant, Jackson, was appointed and qualified as executor of his will. As such executor, he instituted an action of trover for the negro in dispute, returnable to the April Term, 1852, of Warren Superior Court, against Edward F. Lynch, the father of the plaintiff. Edward F. Lynch set up, by way of defence to the action, that the title to the negro was in Ellen R. Lynch, by virtue of the parol gift aforesaid. In that action a verdict and judgment was rendered in favor of Jackson, as executor as aforesaid, against Edward F. Lynch, for the value of the negro, to be discharged by delivering her up in ten days. The verdict was rendered at the April Term, 1857, and the judgment signed up on the 16th of April, 1857. Ellen R. Lynch attained the age of twenty-one years on the 24th of October, 1856.

On the 16th of September, 1857, this action was commenced and on the trial, the defendant offered in evidence the record and judgment of the former action in his favor as executor of Fickling, against Edward F. Lynch; to which counsel for plaintiff objected, on the ground that the judgment was no bar or estoppel of the plaintiff in this action.

The presiding judge overruled the objection, and admitted the record.

After the testimony had closed, the Court charged the jury:

"That the plaintiff was estopped by the record of the former suit, and that the jury ought to find for the defendant."

The jury found according to the judge's direction, and the plaintiff in error prosecutes his writ, to reverse the judgment, on the ground that the Court erred in admitting the record of the former action, and in charging the jury that the plaintiff was estopped by it.

E. H. POTTLE, for plaintiff in error.

WASDEN & NELMS, contra.

By the Court.—LUMPKIN, J., delivering the opinion.

Conceding that Susan, the negro in dispute, was given to

Adeline Lynch, by Barnard F. Fickling, in trust for his grand-daughter, Ellen R. Lynch, and that the trust vested in Edward F. Lynch, the husband of Adeline, and father of Ellen R., which is exceedingly questionable, was the judgment in the former suit between Archibald M. Jackson, executor of Barnard W. Fickling and Edward F. Lynch, a bar to the present action?

That was an action of trover brought by the executor of Fickling against Edward F. Lynch, *individually*. The plea of the defendant is not in the record. It is admitted that it set up an outstanding title to the girl Susan in Ellen R. Lynch, under a parol gift from her grandfather in 1850. So far as appears, defendant, Lynch, did not, *by his plea*, put himself in privity with Ellen R.'s titles, if, indeed, he did or could legally represent that title; and will it be seriously contended that if a defendant in trover or ejectment sets up a paramount outstanding title in another, and a recovery is had against the defendant, that the proceeding will estop that third person, in whom defendant set up title, from suing?

The judges in convention in *Crockett vs. Benton (Dudley's Rep.* 254), held, and we think very properly, that to determine whether a former recovery is a bar to a subsequent action, a good test is, "whether the same evidence will support both actions." And the application of this rule to this case will show the injustice that would be done the present plaintiff, by excluding the truth of this transaction from the jury. In the former case, against Edward F. Lynch, his wife's testimony was inadmissible, whereas, in the present suit, the testimony of the mother is competent, and if credible, is conclusive as to the gift from her father to her daughter. If there were nothing else wanting, then, the same evidence will not support both of these actions, and therefore, the former recovery is no bar.

There is another better reason still why the judgment in the first case is no bar in this. Ellen R. Lynch was not only not represented by Edward F. Lynch, *as trustee,* when sued individually for the slave Susan, but she was over twenty-one years of age when the first judgment was rendered. If her father represented her as trustee, the trust terminated before the final trial of the first case. And she having no notice whatever of the pendency of the litigation, she

was not bound by the result. The proof is, that Mr. Fickling gave the girl to his granddaughter, and requested her mother to take charge of her, learning her to sew, etc., until Ellen R. became of age, or was capable of taking care of her herself. The judgment in the first case was in April, 1857, and the plaintiff was twenty-one years of age October, 1856, at which time the trust dropped off, such as it was, and Ellen R. Lynch was *sui juris*.

For these and other considerations, we feel constrained to · award a new trial in this case.

## JUDGMENT.

Whereupon, it is considered and adjudged by the Court, that the judgment of the Court below be reversed, upon the ground that the Court erred in charging the jury, that the plaintiff was estopped by the record of the former case brought in Warren Superior Court, April, 1852, in which Archibald M. Jackson, executor of the last will of Barnard W. Fickling, deceased, was plaintiff, and Edward F. Lynch, defendant, it being an action of trover.