ATLANTA AND WEST POINT RAILROAD COMPANY *v.* JACOBS'
PHARMACY COMPANY, and *vice versa.*

FISH, C. J.   1. When a plaintiff elects to bring an action against a rail-
road company for damages arising from a failure on its part to per-
form its duty as a common carrier, instead of suing on a contract of
affreightment, it is not incumbent on him to set out the precise terms
of such contract.   *Louisville & Nashville R. Co.* v. *Cody,* 119 *Ga.* 371
(46 S. E. 429).

(a) In *Louisville & Nashville Railroad Co.* v. *Warfield,* 129 *Ga.* 473 (59
S. E. 234), one of the rulings made in the *Cody* case, supra, was over-
ruled, but the decision on the point dealt with in the above headnote
was not overruled.

2. By the Civil Code, § 2264, it is declared that a common carrier "as such
is bound to use extraordinary diligence   In cases of loss the presump-
tion of law is against him, and no excuse avails him unless it was oc-
casioned by the act of God or the public enemies of the State."

3. Under Civil Code, § 2265, "In order for a carrier or other bailee to
avail himself of the act of God or exception under the contract as an
excuse, he must establish not only that the act of God or excepted fact
ultimately occasioned the loss, but that his own negligence did not con-
tribute thereto."

4. Construing the sections above cited in connection with section 2276,
it has been established that, as a general rule, a common carrier may
relieve itself by express contract from its common-law liability as an in-
surer, but can not relieve itself from liability for damages resulting
from its own negligence.   *Georgia Railroad & Banking Co.* v. *Keener,*
93 *Ga.* 808 (21 S. E. 287, 44 Am. St. R. 197) ; *Central of Georgia Rail-
way Co.* v. *Hall,* 124 *Ga.* 322 (52 S. E. 679, 4 L. R. A. (N. S.) 898, 110
Am. St. R. 170) ; *Southern Express Co.* v. *Hanaw,* 134 *Ga.* 445 (67 S.
E. 944), and cases there cited, including, The Kensington, 183 U. S.
263, 268 (22 Sup. Ct. 102, 46 L. ed. 190), Alabama Great Southern R.
Co. *v.* Little, 71 Ala. 611, and Louisville & Nashville R. Co. *v.* McGuire
& Co., 79 Ala. 395.

(a) The rulings in regard to limiting liability except for gross negligence,
in contracts for the transportation of live stock, will not be extended
so as to include the transportation of goods generally by common car-
riers.   Moreover, such contracts in regard to live stock have been dealt
with by statute.   Civil Code, § 2313 et seq.

5. The diligence required of a common carrier in regard to preserving
goods in the course of transportation by him from loss by fire is not
limited to avoiding setting fire to such goods, but extends also to pro-
tecting and preserving them from destruction after a peril from fire
has become apparent.   *Richmond & Danville R. Co.* v. *White,* 88 *Ga.*
805 (15 S. E. 802).

6. If the loss was caused by the wrong or fault of the shipper, without
negligence on the part of the carrier, the latter will not be responsible;
as, for instance, if the shipper or his agent should improperly pack the
goods, by reason of which breakage occurs.

8

7. If a common carrier relies upon the defense that the loss was occasioned by the fault of the shipper or his agent, he must, as in the case where he relies upon the loss having occurred by the act of God or the public enemy, bring himself within the defense by negativing contributing fault on his own part.  McCarthy *v.* Louisville & Nashville R. Co., 102 Ala. 193 (14 So. 370, 48 Am. St. R. 29); Grey's Executor *v.* Mobile Trade Co., 55 Ala. 387 (28 Am. R. 729); South & North Alabama R. Co. *v.* Henlein, 52 Ala. 606 (23 Am. R. 578, 584); 4 Elliott on Railroads, § 1492.

8. If a shipper is guilty of negligence in packing a car, and from breakage of certain of the goods a fire originates therein, and if, after knowledge by the carrier of the existence of the fire, the condition is such that the goods may be preserved, or the fire extinguished, by the use of extraordinary care on his part, he will not be relieved from liability, if. he is negligent in this regard, by setting up the original negligence of the shipper in loading the car prior to the beginning of the transportation.

9. In the light of the pleadings and evidence, of the entire charge of the court, and of the note appended to the ground of the motion for a new trial on that subject, the charge complained of in reference to the measure of damages was not such as to require a new trial.

10. Except where a particular act is declared, either by statute or a valid municipal ordinance, to constitute negligence, the question as to what acts do or do not constitute negligence is for the determination of the jury; and it is error for the presiding judge to instruct them what ordinary care or extraordinary care requires to be done in a particular case.  *Atlanta & West Point R. Co.* v. *Hudson*, 123 *Ga.* 108 (51 S. E. 29).

(*a*) Extraordinary diligence is defined as "that extreme care and caution which very prudent and thoughtful persons use" under like circumstances.  Civil Code, § 2899.  In determining what very prudent and thoughtful persons would do under certain circumstances, the situation and surrounding facts, including the existence of an emergency, if there was one, are to be considered.

(*b*) There was no error in refusing, upon request, to charge that if a conductor of a freight-train ascertained that a car was on fire and an emergency arose without negligence on the part of the defendant, and if the conductor in good faith took a certain course which he thought was that offering the best prospect of saving the goods from destruction, although the course so taken was a mistake and another course might have been better, "such a mistake is not chargeable to the defendant as an act of negligence."

(*c*) In the brief of counsel for plaintiff in error it was urged that if this request was not properly worded, the court should, nevertheless, have charged on the doctrine of emergency; but the motion for a new trial contains no such assignment of error as that the court failed entirely to charge on the subject, the only complaint being that the court declined to charge as stated in the written request.

11. No other ground of the motion for a new trial requires a reversal. This being the second verdict found in favor of the plaintiff, the evidence being sufficient to sustain the finding, and the presiding judge having approved it, this court will not interfere.

12.. The judgment complained of in the main bill of exceptions being *affirmed*, the cross-bill is *dismissed*.          *All the Justices concur.*
                    SEPTEMBER 21, 1910.

Damages.      Before Judge Freeman.      Troup superior court. April 3, 1909.

*Dorsey, Brewster, Howell & Heyman* and *W. G. Post*, for the railroad company.

*John L. Hopkins & Sons* and *W. C. Wright*, contra.