LOUISVILLE AND NASHVILLE RAILROAD COMPANY *v.* McHAN.

PER CURIAM. 1. In an action instituted by a shipper of perishable goods against a common carrier, on account of the defendant's breach of duty to safely and promptly transport the goods and deliver the same to the consignees at destination, where it is alleged that the carrier received the shipment in good order and did not properly take care of the goods and did not safely and securely carry and convey them and did not deliver them in good order, particular acts of negligence need not be alleged. *Louisville & Nashville R. Co.* v. *Warfield & Lee,* 129 *Ga.* 473 (59 S. E. 234).

(*a*) A common carrier at common law was an insurer of goods entrusted to his care, and was responsible for every injury sustained by them, occasioned by any means whatever, except the act of God and the public enemy. *Fish* v. *Chapman & Ross,* 2 *Ga.* 349 (46 Am. D. 343).

(*b*) The carrier's right of defense for a failure to deliver goods of a perishable nature entrusted to his care, or where he delivered them in a damaged condition, has been so enlarged that he may show that the damage was occasioned by an inherent vice or natural deterioration in the goods. *Forrester* v. *Georgia R. Co.,* 92 *Ga.* 699 (19 S. E. 811). Such defenses by a carrier need not be negatived in the plaintiff's petition.

(*c*) Applying the foregoing rulings, the petition as amended was not subject to any of the grounds of demurrer.

2. Where a motion is made to exclude certain testimony in its entirety, some of which is clearly admissible, a new trial will not be granted because the court refuses to exclude the entire testimony, although some of it may be of doubtful admissibility or not admissible.

3. Where a witness testifies that during a certain season he was engaged in shipping fruit to certain markets, and daily received telegrams and advices from different dealers in that commodity, concerning the value of the fruit, and also received information by sale-bills and wires, and, based on that information, he knew what the market price was on

that date, such evidence was competent. *Erk* v. *Simpson*, 137 *Ga.* 608 (4), 613 (73 S. E. 1065); *Central Railroad Co.* v. *Skellie*, 86 *Ga.* 686 (12 S. E. 1017).

4. There was no error in refusing to grant a nonsuit.

5. The charge of the court respecting the liability of a carrier of perishable freight and the measure of damages, though subject to criticism, contained no error, as against the carrier, requiring the grant of a new trial.

6. The evidence was sufficient to authorize the verdict.

*Judgment affirmed. All the Justices concur.*
FEBRUARY 17, 1916.

Action for damages. Before Judge Patterson. Pickens superior court. December 22, 1914.

*D. W. Blair, Tye, Peeples & Jordan,* and *John S. Wood,* for plaintiff in error. *E. H. Clay* and *C. H. Griffin,* contra.