13140. LEWIS *et al.*, receivers, *v.* JOYNER.

STEPHENS, J. 1. " The common-law rule that a presumption arises that the injury occurred on the delivering carrier's lines when goods moving in interstate commerce, upon a through bill of lading, are delivered in bad condition, and the evidence shows that they were sound when received by the initial carrier, but does not affirmatively establish where the loss occurred, was not abrogated by the Carmack amendment of June 29, 1906, to the act of February 4, 1887, § 20, which requires the issuance of a through bill of lading by the initial carrier, and declares it to be liable for damage occurring anywhere along the route." Chicago & Northwestern R. Co. *v.* Whitnack Produce Co., 258 U. S. (42 Sup. Ct. 328). See also, in this connection: *Central of Georgia Ry. Co.* v. *Scrivens*, 24 *Ga. App.* 177 (100 S. E. 233).

2. Where goods have been delivered to a carrier to be delivered at the point of destination upon the lines of a connecting carrier, and where suit to recover for damage to the goods in transit is instituted against the terminal carrier, a prima facie case of liability is established

against the terminal carrier upon proof of delivery of the goods to the initial carrier in good condition, and of their delivery at the point of destination in a damaged condition. This prima facie liability is not rebutted by proof that the goods were damaged before their receipt by the terminal carrier, in the absence of proof which shows with some degree of certainty and definiteness the extent of the damage. The particular facts necessary to establish the extent of the damage to the goods when received by the terminal carrier being more accessible to it than to the plaintiff, the burden is therefore cast on such carrier to establish the extent of the damage to the goods when received by it, rather than upon the plaintiff to establish the extent of the damage, if any, to the goods after their receipt by the defendant. See, in this connection: 3 Hutchinson on Carriers, § 1348; *Way* v. *Southern Ry. Co.*, 132 *Ga.* 677 (64 S. E. 1066).

3. From the above ruling it follows, that, in a suit against the terminal carrier to recover for damage to goods received at the point of destination in a damaged condition, it would have been error for the court to charge, in accordance with the defendant's contention, that where the proof shows a partial damage to the goods while in the hands of the initial carrier, it will be presumed that the initial carrier caused the whole damage, in the absence of proof to the contrary.

4. It also follows that a charge by the court, to the effect that where the goods were delivered to the initial carrier in good condition, upon proof that they were received in bad condition at the point of destination a rebuttable presumption of liability for such damage arose against the terminal carrier, was not error as not being adjustable to the evidence, even though it might appear that part of the damage to the goods was sustained prior to their receipt by the terminal carrier. This charge is not subject to the objection that it is prejudicial by reason of being irrelevant to the issue and not adjustable to the evidence, since, although it may be undisputed that part of the damage was caused before the goods came into the possession of the defendant carrier, there is not sufficient data as to the amount of such damage, and there is some evidence to authorize the inference that part of the damage was suffered while the goods were in the hands of the defendant carrier.

5. A request by the defendant in a communication to the plaintiff prior to the institution of the suit, that the plaintiff make proof of the value of one of the articles lost, and that such amount would then be paid to the plaintiff, is, when offered in evidence, not subject to the objection that such offer was in the nature of a compromise. It was evidence of an admission of liability for loss of the article mentioned. However, since under the above rulings a prima facie case of liability in favor of the plaintiff was not rebutted, the question of liability was not in issue, and the admission of such evidence, even if in the nature of a compromise, was harmless to the defendant.

6. The verdict for the plaintiff was authorized by the evidence.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 23, 1922.

Action for damages; from city court of Valdosta — Judge Cranford. December 9, 1921.

*George E. Simpson, E. K. Wilcox,* for plaintiffs in error.
*Whitaker & Dukes,* contra.