16067.   GEORGIA, FLORIDA & ALABAMA RAILWAY CO. v. PIPPIN.

BROYLES, C. J.   The original petition set out a cause of action; the amendment to the petition was properly allowed; and the overruling of the demurrer to the petition as amended was not error.

*Judgment affirmed.   Luke and Bloodworth, JJ., concur.*

DECIDED MARCH 4, 1925.

Action for damages; from Randolph superior court—Judge Yeomans.   November 3, 1924.

The action was against the last of connecting carriers, for damages on account of the death of five mules and of injury to two others.   The defendant demurred to the petition generally and specially, and the court allowed the plaintiff to amend the petition in various particulars, over the objections that no cause of action was set forth in the original petition, that the amendment set forth a new and distinct cause of action, and that the original cause of action was based on common-law liability and the amendment set forth a statutory liability.   A demurrer to the petition as amended was overruled, and the defendant excepted, alleging error in the allowance of the amendment and in the overruling of the demurrer.

The original petition alleged, in paragraph 2, that the plaintiff bought five mules and two horses from a named company of St. Louis, Missouri, which shipped them to him at Cuthbert, Georgia, in a described car over named railroads to Richland, Georgia, at which point the last-named railroad connected with the defendant, which undertook to transport and deliver the car to the plaintiff at Cuthbert.   By amendment it was alleged that "The said live stock were received by the initial carrier [named] in good order." Paragraphs 3, 4, 5, 6, and 7, which were stricken by amendment, alleged: (3) The car of live stock reached Cuthbert, Ga., about 8 o'clock a. m. on September 8, 1923, and the defendant immediately placed it at a live-stock pen and permitted the live stock to remain unloaded until after 11 o'clock a. m. of the same date. (4) The defendant did not notify the plaintiff as to the arrival of the live stock until after the hour last mentioned. (5) The time mentioned above was hot weather and the live stock became overheated because of being kept penned in the car more than three hours without moving, and this resulted in damage to two mules and the death of five. (6) It was impossible for the plaintiff to

detect the overheating and damage when he received the live stock, and he did not at that time make exception to the condition of the stock. (7) In a few hours after the unloading of the live stock several of the mules became very ill, and, although the plaintiff employed skilled veterinary service and gave them all attention possible, five of them died and two were damaged. Paragraph 8 gave the cost of the animals. Paragraphs 9, 10, and 11, which were stricken by amendment, contained allegations as to damage. Paragraph 12 alleged that written claim for the loss and damage was made to the delivering carrier by the plaintiff in six months after the delivery of the live stock. Paragraph 13, which was stricken by amendment, alleged that the defendant was negligent in not notifying the plaintiff, either in advance or immediately on arrival of the car, that the live stock was ready to be delivered to him. Paragraph 14 alleged that the defendant "was also negligent, after it had failed to notify . . petitioner of the arrival of said car of live stock, to permit them to remain loaded for over three hours after the car had been placed for unloading." The next paragraph contained a prayer for damages in the sum of $867.45.

In lieu of paragraphs 3, 4, 5, and 6, it was alleged, by amendment, that on September 8, 1923, the car of live stock was delivered to the plaintiff in bad order, in that seven of the mules were sick, which condition was not visible and manifest and was not observed by the plaintiff until they had been carried to his barn. The plaintiff does not know the name and nature of the disease. In lieu of the stricken paragraph 7 it was alleged, that after receiving the mules the plaintiff drove them to his barn, a distance of about 300 yards, and immediately made further examination of them and discovered that seven of them were sick, and immediately procured the services of a skilled veterinary surgeon and used all efforts in his power to save the mules; nevertheless five of them died on account of the said sickness and two of them were permanently injured. The mules were sick at the time of their delivery by the defendant to the plaintiff, and the death of five of them was the result of the said sickness. Paragraph 8 was amended by adding specific items of damage. Paragraph 14 was amended by striking the first sentence, ending with the word "unloading," and alleging that the total damages "on

account of defendant's failure to deliver said car of live stock to petitioner in good order amounts to $867.45 as aforesaid; and . . that he is entitled to interest on said sum since the date of his demand, which was made on September 20, 1923, . . and that his demand was made upon the defendant for said sums which were fully itemized as hereinbefore set out."

*Worrill & Patterson, Smith & Miller, T. S. Hawes,* for plaintiff in error, cited: 113 *Ga.* 15; 87 *Ga.* 708, 710; 118 *Ga.* 292 (2) ; 2 *Ga.* 249; 124 *Ga.* 322 (8), 331.

*W. H. Gurr,* contra, cited: 31 *Ga. App.* 757; Id. 756; 5 *Ga. App.* 500; 2 *Ga. App.* 323; 129 *Ga.* 473; 144 *Ga.* 683; 7 *Ga. App.* 331; 17 *Ga. App.* 453; 23 *Ga. App.* 255; 119 *Ga.* 371; 135 *Ga.* 113; 7 *Ga. App.* 250; Civil Code (1910), §§ 2730, 2712-13; 88 *Ga.* 805; 91 *Ga.* 385 (3) ; 110 *Ga.* 659.