## 16207. SOUTHERN RAILWAY CO. *v.* STANDARD GROWERS EXCHANGE.

## 16223. GEORGIA SOUTHERN & FLORIDA RAILWAY CO. *v.* STANDARD GROWERS EXCHANGE.

JENKINS, P. J. These suits for damages on account of injuries to shipments of freight were based on the contracts of affreightment, which did not in any way change the legal rule of liability. It was alleged that the peaches were received by the carrier in good, sound condition, and that when delivered by it they were damaged by decay. The only questions dealt with in the briefs of counsel were whether the court erred in refusing to dismiss the petitions on general demurrer because they failed to allege negligence on the part of the defendants, either in general terms or by setting forth any such particular acts. *Held:*

1. At common law the liability of a common carrier for goods intrusted to the carrier for shipment was absolute, save only that the carrier could be absolved upon proof being made that the injury was occasioned by the act of God or of the public enemy. *Fish* v. *Chapman,* 2 *Ga.* 349 (46 Am. Dec. 393); *Louisville & Nashville R. Co.* v. *McHan,* 144 *Ga.* 683 (1 *a*) (87 S. E. 889). Most of the courts, including our own, refer to such liability as being that of an insurer; while others point out that such relationship does not technically exist, and that the term is used only as expressing absolute liability, subject only to the

exceptions named, and independently of any question of negligence. 10 Corpus Juris, 107, § 120, note 90.

2. An act of God as here used refers to a natural cause, and not only excludes the idea of human agency, but the act must be of such a character that its effect could not be prevented by the exercise of due diligence on the part of the carrier. *Central of Georgia Ry. Co.* v. *Hall,* 124 *Ga.* 322 (52 S. E. 679); *Parish* v. *Parish,* 21 *Ga. App.* 275, 277 (94 S. E. 315).

3. Thus, the gravamen of an ordinary action against a carrier for loss or injury to goods intrusted to the carrier for shipment consists in the absolute liability for the damage growing out of the relationship of shipper and carrier, and is not grounded in negligence. *Southern Express Co.* v. *Bailey,* 7 *Ga. App.* 331 (66 S. E. 960). If, however, the petition should disclose that the injury to the goods was in fact occasioned by the act of God, and thus brought within the exceptions to the rule of absolute liability, the action becomes restricted to one founded on negligence, with the result that the carrier can be held liable according as it may or may not be able to carry the burden of showing that its own negligence did not contribute to the loss as thus occasioned.

4. The Carmack amendment to the interstate-commerce act (U. S. Comp. St. §§ 8604 a, 8604 aa) did not change the common-law rule of the carrier's absolute liability subject to certain defined exceptions. The amendment was enacted as a measure of relief to shippers; its purpose and effect being to give to any holder of a bill of lading a right of action against the carrier issuing it, irrespective of whether the breach of duty was attributable to such initial carrier or whether it was caused by any of the connecting carriers. 10 Corpus Juris, 132, § 165, note 14. While the language of this amendment imposed liability upon the initial carrier issuing the bill of lading for any loss or injury "caused" by itself or by any connecting carrier, it has been held that "any injury that a common carrier permits to befall the property while in its custody, otherwise than from the act of God or the public enemy, is in a juridic sense caused by it." *Louisville & Nashville R. Co.* v. *Warfield,* 6 *Ga. App.* 550 (4), 554 (65 S. E. 308). In accordance with this doctrine the Supreme Court of the United States has held: "The liability imposed by the statute is the liability imposed by the common law upon a common carrier." *Missouri, K. & T. R. Co.* v. *Harriman,* 227 U. S. 657 (33 S. Ct. 397, 57 L. ed. 690).

5. Where the shipment consists of perishable goods, and their loss is occasioned by an inherent vice or by natural deterioration of the shipment, unmixed with negligence on the part of the carrier, the damage can be attributed to a cause which is in the nature of an act of God, and the carrier, upon such proof being made, is relieved from liability, provided it shows that its negligence did not contribute to the loss thus occasioned. *Forrester* v. *Georgia Railroad & Banking Co.,* 92 *Ga.* 699, 704 (19 S. E. 811); *Louisville & Nashville R. Co.* v. *McHan,* 144 *Ga.* 683 (87 S. E. 889).

6. It does not follow, however, that the mere admission by the shipper, or proof by the carrier, that the damage to the perishable goods con-

sisted in total or partial "decay" establishes the fact that the injury was brought about by the act of God, so as to relieve the carrier from the rule of such absolute liability, and relegate the shipper to an action founded upon negligence. The use of this unqualified term in a petition for the purpose of describing the nature and character of the damage incurred during transit does not of itself import that the damage was occasioned by an inherent vice (contrary to the averment that they were sound when shipped), or that it was brought about by natural deterioration. Such use of the word does not negative the element of human agency, since it does not indicate that the decay might not have been prevented by a proper handling of the goods by the defendant custodian as carrier. The unqualified use of this word but denotes and describes a result, without in any wise indicating the agency by which it was brought about. The fact that natural laws may enter into and effect a given result does not negative the idea of human causation. A different rule would seem to apply were it alleged that the damage had been brought about by some vis major, such as an earthquake, lightning, or flood, in which the human element does not and could not enter. Where it is alleged that the damage was thus occasioned, it is not necessary for the carrier to show that such an occurrence was in a legal sense an act of God, and its defense would be complete upon proof being made that its own negligence did not contribute to the loss thus caused by an occurrence over which it had no control. Civil Code (1910), § 2713; Railroad Co. *v.* Reeves, 10 Wallace, 176 (19 L. ed. 909).

7. In actions based on negligence, as distinguished from cases grounded on absolute liability, it is required, as a rule of pleading, that the plaintiff shall set forth the particular acts of negligence which he claims to have caused the injury; and the rule holds good even in those cases where, on proof of the injury, a legal presumption arises that the defendant is guilty of the acts of negligence as charged. *Harden* v. *Georgia Railroad Co.*, 3 *Ga. App.* 344 (59 S. E. 1122). But in a suit where the claim is not based upon negligence, but upon the absolute liability of the defendant, the question of negligence is not involved and has no place in the pleadings. "Where the law imposes an absolute duty, the failure to perform that duty to the damage of another raises a liability; and it would be superfluous to inquire into the causes that interfered with the discharge of the duty, when such causes would not relieve from liability. It is an elementary rule of pleading that the allegation of any fact which is not issuable or jurisdictional is not demanded." *Louisville & Nashville R. Co.* v. *Warfield*, 129 *Ga.* 473, 477 (59 S. E. 236). Nor has the question of negligence any place in the proof, unless and until the defendant shall have shown that the damage was brought about by the act of God. Where this is shown, proof of proper diligence on the part of the carrier will relieve it from liability. If the carrier can show that the decay was but the result of natural deterioration, or that it was superinduced by an inherent vice in the goods, and that the resulting damage from either or both of such causes was such as proper care and diligence on its part could not have obviated, it becomes relieved of responsibility. The rule

might be different if, as contended, the effect of the petition were to set forth that the damage was occasioned by the act of God. Were the petition to show that the damage resulted from such a cause, the rule of absolute liability would be relaxed; and since, under the facts as thus pleaded, the defendant would be liable only for negligence, negligence would have to be charged, and the defendant would merely be put upon proof to absolve itself therefrom.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED NOVEMBER 16, 1925.

Action for damages; from city court of Houston county—Judge Riley. December 17, 1924.

Application for certiorari was denied by the Supreme Court.

*Arnold & Battle, J. E. Hall, C. J. Bloch, Duncan & Nunn,* for plaintiffs in error. *Jones, Park & Johnston, Harris, Harris & Popper,* for persons at interest, not parties of record.

*John R. L. Smith, Grady C. Harris,* contra.