20464. BUGG, receiver, v. PERRY & FAIRCLOTH.

BELL, J. 1. Although in the brief filed for the plaintiff in error there is reference to the fact that exceptions were taken to the judgment overruling the demurrer to the petition, these exceptions have not been

argued in the brief or otherwise; nor has the defendant made any general or other insistence thereon. These exceptions therefore are treated as abandoned, and will not be considered. *Cooper* v. *Bowen*, 140 *Ga.* 45 (5) (78 S. E. 413); *Condon* v. *Dehart*, 143 *Ga.* 185 (2) (84 S. E. 540).

2. In section 2712 of the Civil Code (1910) it is declared that a common carrier of goods is bound to use extraordinary diligence, and that "in cases of loss the presumption of law is against him, and no excuse avails him unless it was occasioned by the act of God or the public enemies of the State." However, "the carrier's right of defense for a failure to deliver goods of a perishable nature entrusted to his care, or where he delivered them in a damaged condition, has been so enlarged that he may show that the damage was occasioned by an inherent vice or natural deterioration in the goods." *Louisville & Nashville R. Co.* v. *McHan*, 144 *Ga.* 683 (87 S. E. 889).

3. In order for a carrier or other bailee to avail himself of the act of God or exception under the contract as an excuse, he must establish not only that the act of God or excepted fact ultimately occasioned the loss, but that his own negligence did not contribute thereto. Civil Code (1910), § 2713; *Richmond & Danville R. Co.* v. *White*, 88 *Ga.* 805 (15 S. E. 802).

4. "If a common carrier relies upon the defense that the loss was occasioned by the fault of the shipper or his agent, he must, as in the case where he relies upon the loss having occurred by the act of God or the public enemy, bring himself within the defense by negativing contributing fault on his own part." *Atlanta & West Point R. Co.* v. *Jacobs' Pharmacy Co.*, 135 *Ga.* 113 (7) (68 S. E. 1039).

5. In the instant case the petition alleged that the plaintiff shipped a carload of mules over the defendant's line of railroad from Atlanta to Douglas, Georgia, and that five of the mules died as a result of the defendant's failure to feed and water them at any time during the entire course of the transportation, covering the unreasonable period of 52 hours. The action was based upon the defendant's common-law liability, and sought to recover damages in the value of the mules that died, together with certain expense. The defendant filed an answer in which he denied all allegations of negligence or fault on his part, and alleged specifically that by reason of heavy and unprecedented rains the tracks and facilities of the railroad were in such condition that it was impossible to maintain the usual or normal movement of trains, and that these conditions were the result of an act of God and constituted circumstances over which the defendant had and could have had no control. The defendant further pleaded that he was released from any duty to feed and water the stock, by reason of instructions of the plaintiffs communicated to the agents of the defendant at Fitzgerald and Douglas, Georgia. The jury found a verdict for the plaintiffs, and the defendant excepted to the overruling of his motion for a new trial. *Held:* The evidence did not demand an inference that the defendant was free from fault in the premises, or that he should be exonerated upon any ground pleaded. The verdict for the plaintiff was amply supported by the evidence, and there was no error in overruling the general grounds of the motion for a new trial.

6. The admission in evidence of a written statement rendered by the plaintiffs to the defendant's general claim agent, and by him refused and returned to the plaintiffs, setting forth the items of the alleged damage, which, according to the statement, included, among other things, the value of the five mules and the freight on the same, was not erroneous upon the ground that the bill was not shown to be correct, where one of the plaintiffs testified as to the value of the mules as therein stated and as to the correctness of the other items of the statement. Moreover, the document did not pertain to any issue which was actually contested during the trial, and its admission in evidence, even if erroneous, was harmless to the defendant.

7. Nor was the defendant prejudiced by the exclusion from evidence of the train-sheet showing the schedule as actually made by the train during the transportation of the mules in question, since there was no material dispute as to the time consumed in the transportation, nor as to the location of the train at any particular time during the course thereof.

8. The court did not err in excluding from evidence what purported to be a written request to the defendant to extend the time of confinement of the stock to 36 hours, without rest, feed, or water, as prescribed by the act of Congress of June 29, 1906, irrespective of whether the evidence sufficiently established the signing of this paper by one having authority to bind the plaintiffs, from whose possession it was drawn upon the trial. This was not an interstate shipment, and the request to extend the time of confinement could have had no effect upon the rights and liabilities of the parties merely in virtue of an act of Congress.

(a) But even if such a request, if duly delivered and acted upon, could have had any bearing upon the question of the defendant's negligence, there was nothing to indicate that the request had ever been delivered to or acted upon by the defendant, or that he was influenced in any manner thereby. *Berry* v. *Mathews*, 7 *Ga.* 457 (5).

(b) Moreover, it was not shown that there was any consideration for such request. *Georgia Southern & Florida Ry. Co.* v. *Greer*, 2 *Ga. App.* 516 (58 S. E. 782); *Hogg* v. *Louisville & Nashville R. Co.*, 33 *Ga. App.* 773 (6), 777 (127 S. E. 830).

9. While a common carrier may by special contract based upon a sufficient consideration modify or limit his common-law liability in the transportation of freight, except that he can not make a valid contract exempting himself altogether from negligence (*Cooper* v. *Raleigh & Gaston R. Co.*, 110 *Ga.* 659 (4), 36 S. E. 240), no right of the defendant appears to have been prejudiced in the instant case by the exclusion from evidence of what was tendered by the defendant as the bill of lading covering the shipment in question. Assuming that the execution of this instrument was duly proved, it did not appear to contain any provision or stipulation modifying or changing the common-law liability of the defendant as to such defenses as were pleaded, and, therefore, its rejection from evidence was apparently harmless.

10. This was not an action for damages resulting merely from delay in transportation, as to which the carrier is liable only for ordinary diligence, but the gravamen of the case was for injury and damage to the stock resulting from the failure of the defendant to feed and water the

same during the course of the transportation, which was so prolonged that the stock were in need of such attention in the meantime. There was no merit in the exception to the charge upon the ground that it held the defendant to the duty of extraordinary diligence. See *Southern Cotton Oil Co.* v. *Louisville & Nashville R. Co.*, 15 *Ga. App.* 751 (84 S. E. 198), explaining *Johnson* v. *East Tennessee &c. Ry. Co.*, 90 *Ga.* 810 (7) (17 S. E. 121).

11. The remaining grounds of the motion for a new trial have been examined, and none of them discloses such error as to authorize a reversal of the judgment.

   *Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*
          Decided January 19, 1931.

*Slater, Moore, Oberry & Wheless,* for plaintiff in error.
*Quincey & Quincey,* contra.