# SOUTHERN RAILWAY CO. *v.* BATEMAN FRUIT EXCHANGE.

No. 8308.   DECEMBER 16, 1931.

*Harris, Harris & Popper,* for plaintiff in error.

*Smith & Smith, George A. Pindar,* contra.

HILL, J. 1. At common law a common carrier was an insurer of freight entrusted to his care for transportation, and was liable for injury sustained by it by any means whatever, except by the act of God or the public enemy. *Louisville & Nashville R. Co.* v. *McHan,* 144 *Ga.* 683 (87 S. E. 889). See 4 R. C. L. § 177; *Georgia R. Co.* v. *Spears,* 66 *Ga.* 485 (42 Am. R. 81).

2. "In an action instituted by a shipper of perishable goods against a common carrier, on account of the defendant's breach of duty to safely and promptly transport the goods and deliver the same to the consignee at destination, where it is alleged that the carrier received the shipment in good order and did not properly take care of the goods, and did not safely and securely carry and convey them, and did not deliver them in good order, particular acts of negligence need not be alleged." *Louisville & Nashville R. Co.* v. *McHan,* supra.

3. "The carrier's right of defense for a failure to deliver goods of a perishable nature entrusted to his care, or where he delivered them in a damaged condition, has been so enlarged that he may show that the damage was occasioned by an inherent vice or natural deterioration in the goods. *Forrester* v. *Ga. R. Co.,* 92

*Ga.* 699 (19 S. E. 811). Such defenses by a carrier need not be negatived in the plaintiff's petition." *L. & N. R. Co.* v. *McHan, supra.* We are requested to review and overrule the *McHan* decision, if it is found controlling in answer to the question propounded by the Court of Appeals. We think the principles ruled therein are controlling here. We have reviewed that case and decline to overrule the decision. Applying the principles therein ruled to the questions asked by the Court of Appeals, we answer questions 1, 2, and 3 in the negative.

4. Question 4 propounded by the Court of Appeals is not entirely clear. As we construe that question, we answer that originally carriers were absolutely liable for the non delivery, or delivery in bad condition, of goods entrusted to them for transportation, unless the loss or injury was caused by the act of God or the public enemy. In such cases the burden is on the carrier to show that the case is within one of the exceptions. This general rule was afterwards extended and made applicable to shipments of perishable goods possessing inherent defects, and in these latter cases to escape liability the burden is on the carrier to show that it comes within one of these exceptions. The carrier may show this by evidence that the goods were injured in transit, not by its own fault or that of its agents or employees, but that the damage was due to inherent defects in the goods. *All the Justices concur.*