## 26368. ATLANTIC COAST LINE RAILROAD COMPANY v. TIFTON PRODUCE COMPANY.

DECIDED DECEMBER 2, 1937.

*R. D. Smith, Bennet & Branch,* for plaintiff in error.

*R. R. Forrester, C. A. Christian,* contra.

MACINTYRE, J.   In 1929 the Tifton Produce Company brought an action against the Atlantic Coast Line Railroad Company, seeking to recover approximately $600 damages for injury to property alleged to have resulted from unreasonable delay in delivery at destination, the measure, of the damages being the difference between the market price of the car-load of watermelons shipped by the plaintiff from Trenton, Florida, to Buffalo, New York, if the same had reached Buffalo with reasonable dispatch, and the actual value of said melons when they did reach Buffalo, less a reasonable freight charge set forth in said petition.   In other words, the plaintiff filed his suit before the payment of the freight on said car of melons.   The defendant filed a general demurrer to the petition, which was sustained, and the action in said case was dismissed on the authority of *Wilensky* v. *Central of Georgia Rail-*

*way Co.,* 136 *Ga.* 889 (72 S. E. 418). In other words, the general demurrer was sustained because the freight charges had not been paid before the bringing of the suit.

At the March term, 1931, of the superior court the plaintiff again brought its action alleging substantially the same facts as alleged in the original petition, except it was alleged that the freight charges had been paid before the bringing of the second suit. To this petition the defendant filed a plea of res judicata, alleging that the same case, upon substantially the same facts and the same allegations, had been brought in the superior court of Tift County in 1929, and had been dismissed on general demurrer, and that the judgment on the general demurrer dismissing the cause of action was a final adjudication of the case. A general demurrer was also filed, asking that the case be dismissed upon the authority of the *Wilensky* case above mentioned. The court, after considering the petition and the various amendments and the plea of res judicata and the demurrers, passed an order striking the plea of res judicata and overruling the demurrers to the petition as amended. Upon this order overruling the demurrers, the case was carried to the Court of Appeals of Georgia, and is reported in 50 *Ga. App.* 614 (179 S. E. 125). It was held in that case that the court did not err in overruling the general demurrer, and in paragraph 5 of the decision (the same being a headnote decision) the Court of Appeals held as follows: "Under the authority of *Turner* v. *Camp,* 110 *Ga.* 631 (2) (36 S. E. 76), the judgment striking the defendant's plea of res judicata can not be considered." Exceptions pendente lite had been filed, and when the case came on for trial at the December term, 1936, of the superior court of Tift County, a verdict was rendered by the jury in favor of the plaintiff and against the defendant. A motion for new trial was overruled on April 10, 1937, and the case now comes to this court on exception to that order.

■ As stated in the brief of counsel for the plaintiff in error, the original suit was dismissed upon authority of *Wilensky* v. *Central of Ga. Ry. Co.,* supra, it being there decided: "A shipper, who is both consignor and consignee, can not maintain against a carrier an action ex contractu for the value of goods consigned to the carrier for shipment and not delivered, when the carrier tenders the goods at destination in a damaged condition but refuses

to deliver them unless the shipper pays the usual freight charges, notwithstanding the damages to the goods amount to more than the freight charges, and the shipper demands that the damages to the shipment be offset against the freight bill; on the theory that the refusal to deliver under the circumstances is a breach of the contract of carriage." This case, therefore, as originally brought, was fatally defective for the reason that there was no allegation that the freight had been paid, which, under the allegations of the petition in the instant case, was a condition precedent to the maintenance of the suit. The payment of the freight after the filing of the first petition and before the filing of the second petition removed this defect. The Supreme Court in *Atlantic Coast Line Railroad Co.* v. *Tifton Produce Co.,* 179 *Ga.* 624 (176 S. E. 624) (s. c. 50 *Ga. App.* 614), in considering the petition in this the second case, held that the petition set out a cause of action. In the first suit no cause of action, that is to say, no right to sue, was shown, because there had been no compliance with a condition precedent. Such a condition not having been performed at the time the suit was entered, no amendment could be offered which would cure the defect. Under the facts as then stated, no suit was maintainable. After such objection was removed there arose a cause of action. A cause of action is defined in Black's Law Dictionary as "the right to bring a suit." The ruling made on the demurrer in the case as originally brought was not, under the particular facts, a decision on the merits of the case. "It is not sufficient that there is an inference of a decision upon the same point. There must not only be identity of subject-matter, of persons, and of parties, but identity of cause of action." *Missouri State Life Insurance Co.* v. *Lovelace,* 1 *Ga. App.* 446 (2) (58 S. E. 93). See, in this connection, *Lynch* v. *Jackson,* 31 *Ga.* 668. "A judgment, rendered upon a demurrer is equally conclusive (by way of *estoppel*) of the facts confessed by the demurrer, as a verdict, finding the same facts, would have been: since they are established, as well in the former case, as in the latter, by matter of record. And facts thus established can not ever afterwards be contested, between the same parties, or those in privity with them." Will's Gould on Pleading (6th ed.), 587.

But if the plaintiff, on demurrer, fails in his first action, from the omission of the performance of a condition precedent when such

condition exists, the judgment in the first is no bar to the second, although both actions were brought to enforce the same right. For in this case the *merits* of the cause, as disclosed in the second petition, were not decided in the first. "Upon the same principle, if the declaration is adjudged ill, on demurrer, because the action is misconceived (as if debt or assumpsit is brought, where account is the only remedy; or if trespass is brought, where the only proper action is trover or detinue), the judgment is no bar to a proper action, afterward brought for the same cause. . . For in this case, as in the last, the *merits* of the cause could not be determined in the first action." Will's Gould on Pleading (6th ed.), 588. In the instant case the *merits* of the cause, as disclosed in the second petition, were not decided by the ruling on the general demurrer. The court did not err in striking the plea of res judicata in the case sub judice.

■ In the first special ground of the motion for new trial complaint is made that the court refused a continuance on the ground of surprise, because the defendant was not prepared to meet the allegations made by the amendment. The petition alleged that there were two reasons why said car of melons did not reach Buffalo with reasonable dispatch; one was that the company negligently allowed said car to remain a longer time in the Waycross railroad yards than it should, and the other was that the car did not proceed in its most direct route on the schedule furnished to petitioner. The amendment on which surprise was claimed was that "after having moved said car [from Waycross] the defendant and the converting carrier failed to carry the same over the most direct route, having moved said car by way of Canadaigan Junction, when and whereas if it had been routed by Newberry Junction it would have reached its destination on the morning of July 2d, in sufficient time to reach the market of July 4th." We do not think there was any abuse of discretion by the trial judge in overruling this motion to continue. The amendment was but a specification and amplification of the original contention made by the pleading, the original pleading having stated that the car was not moved by the most direct route to its destination.

■ The ruling on evidence complained of in special grounds 2, 3, 4, and 5 of the motion for a new trial disclosed no reversible error.

■ Error is assigned because the court charged the jury as follows: "Now a common carrier—that is, this definition says—is one who pursues the business constantly or continuously for any period of time, or any distance of transportation, and as such is bound to use extraordinary diligence." It is insisted by the plaintiff in error that the rule of diligence required in this case is ordinary care. It is true that in *Johnson* v. *East Tennessee, Virginia & Georgia R. Co.*, 90 *Ga.* 810 (7) (17 S. E. 121), it was stated: "Where a common carrier receives goods for transportation and is sued for delay in delivering them, it is error to charge that the carrier is bound to exercise extraordinary diligence as to the time of transportation. Ordinary and reasonable diligence is the rule." But this case was considered and distinguished by Judge Wade in *Southern Cotton-Oil Co.* v. *L. & N. R. R. Co.*, 15 *Ga. App.* 751 (supra), where he pointed out that an inspection of the record in the *Johnson* case, supra, disclosed that the damage complained of was not "for *injury to the property shipped,* or on account of partial loss thereof." But the entire loss was due solely to the decline of the market and the delay in transportation, which delay would have caused the property to have been placed on the declining market. In the *Johnson* case, the plaintiff paid the freight in advance, and received a bill of lading for the goods, sold the goods in advance of their arrival at a certain .profit per ton, and lost the sale of the goods by reason of the delay in transportation. The gravamen of the instant case was for injury and damage to the property; hence the duty required of the defendant was that of extraordinary care, as charged by the judge and as is stated in the Code, § 18-102. See *Bugg* v. *Perry,* 42 *Ga. App.* 523 (10) (156 S. E. 708).

■ Complaint is made that the court charged the jury, with reference to the defendant's contention, that the law "seems to be that an inherent vice or deterioration is a good defense." It is contended that the use of the expression "seems to be" tended to minimize to the jury the force and effect of the instruction. It was stated in the brief of plaintiff in error that the very just judge did not intend any such effect. While we do not approve of an instruction that states to the jury that the law "seems" to be thus and so, we do not think such a charge in this case was reversible error.

■ The evidence supported the verdict, and the motion for new trial was properly overruled.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*