34539. R. C. A. TRUCK LINES, INC.
*v.* GEORGIA RUG MILL, INC. *et al.*

Decided July 14, 1953—Adhered to on rehearing July 28, 1953.

*Ingram & Tull,* for plaintiff in error.

*Fullbright & Duffey, Matthews, Maddox & Bell, James M. Roberts,* contra.

WORRILL, J. ■ The plaintiff in error contends in arguing the general demurrer that under the Federal law (specifically the Federal Motor Carrier Act, 49 U. S. C. A. § 301 et seq. and the regulations of the Interstate Commerce Commission pursuant thereto) the carrier is not responsible for injury resulting from the failure to provide protective service unless such service is provided for under some specific provision of the carrier's tariff. Conceding for the sake of argument that such is the rule, it is applicable to actions for breach of the contract of carriage and does not constitute a bar to a common-law action in tort for negligent injury to the goods by the carrier, or for negligence in the failure to take proper precautions to prevent damage to the goods resulting from their inherent nature of which the carrier has

notice or from the effects on the goods of the weather and the elements.

The action in the instant case, properly construed, is a common-law action in tort, and it was not brought under the provisions either of Code § 18-505 or of the Federal act referred to, but is based on the negligence of the defendants. Such an action is not repugnant to or prohibited by the Federal statute. *Southern Ry. Co.* v. *Morris,* 147 *Ga.* 729 (1) (95 S. E. 284). A prima facie case is shown by alleging the delivery of the goods or merchandise shipped in good order to the initial carrier and receipt at the destination from the terminal carrier of the goods in a damaged condition. *Lewis* v. *Joyner,* 29 *Ga. App.* 92 (2) (113 S. E. 829). The petition in this case sufficiently alleged these essential facts and also alleged that the damage to the rubber cement resulted from specified acts of negligence on the part of the defendant, and was sufficient as against the general demurrer. See, in this connection, Chicago & N. W. Ry. Co. *v.* Whitnack Produce Co., 258 U. S. 369 (42 Sup. Ct. 328, 66 L. ed. 665); *Way* v. *Southern Ry. Co.,* 132 *Ga.* 677 (64 S. E. 1066).

It was not necessary that the plaintiff allege a tariff regulation or schedule filed with the Interstate Commerce Commission showing rates for heated cars or vans. The duty rested on the defendants to furnish suitable cars or vans as a part of its carrier service. *Sperry Flour Co.* v. *A. C. L. R. Co.,* 54 *Ga. App.* 725, 733 (189 S. E. 278). This duty means that the cars or vans must be suitable for the type of merchandise being transported, or it means nothing. It means that for perishable cargo the carrier must take whatever steps are necessary to protect that cargo from spoilage or damage. If the defendant could not furnish heated cars as called for on the bill of lading, because it had no tariff for such service, it was its duty to refuse to accept for transportation over its lines a commodity which it knew was likely to be damaged by the failure to provide such protective service. A common carrier is not bound to accept for transportation over its lines a commodity which it knows it cannot safely deliver to its destination without damaging it; and if the evidence should show that the defendant had notice of the perishable qualities of the rubber cement and yet recklessly accepted the same for carriage, knowing that it was liable to be damaged if

not protected from the cold, and if the evidence should show that the rubber cement was in fact damaged as a result of the failure of the defendant to furnish such protective service, then a finding for the plaintiff would be authorized. It cannot be said as a matter of law that the allegations of the petition show that the defendant R. C. A. Truck Lines was relieved of this duty by reason of its lack of knowledge of the quality of the cargo which rendered it perishable.

Nothing in Jackson & Perkins Co. *v.* Mushroom Transp. Co., 351 Pa. 583 (41 Atl. 2d 635) requires a different ruling from that made here. That case is distinguishable from the instant one because that case was a decision on the evidence and it was expressly held that there was no evidence of negligence on the part of the carrier. Here the action is one in tort and specific acts of negligence are alleged.

■ Ground two of the demurrer demurs to the petition on the ground that the petition shows on its face that the defendant is a resident of Floyd County and not a resident of Chattooga County, and that the court does not, therefore, have jurisdiction over the defendant. The petition, addressed to the Superior Court of Chattooga County, recites that the defendant R. C. A. Truck Lines, Incorporated, is a corporation, a common carrier, with its principal office and place of business in Rome, Floyd County, Georgia. These allegations cannot be construed to mean other than that the defendant is a motor common carrier, and as such is within the terms of the Motor Common Carriers Act of 1931 (Ga. L. 1931, p. 199; Code, Ann., Ch. 68-6). That act provided (at p. 205) that "Action[s] against motor common carriers, except in those cases where the Constitution of this State otherwise provides, may be brought and maintained in any county or militia district where the action could be brought if the defendant were a railroad company being sued upon a like cause of action. . . This provision of this section shall apply to motor common carriers whether engaged in interstate commerce or not." As to railroads: "All railroad and electric companies shall be sued by anyone whose person or property has been injured by such railroad or electric company . . . in the county in which the cause of action originated." Code § 94-1101. While these Code sections have been held not to authorize suits against individuals

doing business as motor common carriers resident in this State in a county other than the county of their residence (*Youmans* v. *Hickman*, 179 *Ga*. 684, 177 S. E. 238), such ruling expressly exempted from the effects thereof *corporations* doing business as motor common carriers. The cause of action in this case, according to the allegations of the petition, arose in Chattooga County when the defendant R. C. A. Truck Lines delivered to the plaintiff the merchandise in a damaged condition, or failed to deliver the same in good condition, and under the provisions of the Code sections cited, venue of the action was properly laid in that county. The trial court did not err in overruling the second ground of demurrer.

■ The remaining grounds of demurrer are without merit. The petition does not show upon its face that the liability, if any, is as a matter of law on the initial carrier or the connecting carrier, or that the damage resulted from negligence of the initial or connecting carrier to the exclusion of the defendant delivering carrier.

It follows that the trial court did not err in overruling the demurrers and in refusing to dismiss the action.

On motion for rehearing the above opinion has been substituted for the original opinion, and the former judgment of reversal has been vacated and a judgment of affirmance is entered.

*Sutton, C. J., and Felton, J., concur.*