### 37878.   LOO-MAC FREIGHT LINES, INC. *v.* AMERICAN TYPE FOUNDERS, INC.

DECIDED SEPTEMBER 17, 1959.

*Emmett O. Dobbs, Jr.*, for plaintiff in error.

*Gambrell, Harlan, Russell, Moye & Richardson, James C. Hill, John W. Chambers*, contra.

TOWNSEND, Judge. The plaintiff in error does not insist on the general grounds of the motion for new trial, and assigns error on certain charges of the court which, it is contended, were improper in that they deprived the defendant of his defense that the cargo was injured through inherent vice in that it was improperly crated by the shipper, a defect latent and not apparent to the carrier, and that this was the cause of the injury. We agree with the plaintiff in error that the burden is on the plaintiff in the first instance to show that the damage occurred in transit by showing that the goods were delivered in good order and were damaged when received. *A.A.A. Highway Express* v. *Bone & Hendrix*, 69 *Ga. App.* 763 (26 S. E. 2d 658); *Rome Electric* v. *Ry. Express Agency*, 81 *Ga. App.* 368 (59 S. E. 2d 19.) When this is done, the plaintiff need not show which of two or more connecting carriers was responsible for the injury. "In a suit for damages by a shipper against the delivering carrier for deterioration of goods moving in interstate commerce upon a through bill of lading, where the undisputed evidence for the plaintiff shows that they were sound when received by the initial carrier, but does not affirmatively establish where the injury occurred, there is a common-law presumption, applicable under the Carmack amendment, that the loss occurred on the delivering carrier's line; and, where no evidence tending to rebut this pre-

sumption is introduced, a verdict for the plaintiff is demanded." *Barron Bros.* v. *New York, New Haven &c. Ry. Co.,* 31 *Ga. App.* 757 (122 S. E. 83). See also *R.C.A. Truck Lines* v. *Georgia Rug Mill,* 88 *Ga. App.* 658 (77 S. E. 2d 442).

Code § 18-102 provides: "Carriers as such are bound to exercise ordinary diligence. Common carriers as such are bound to use extraordinary diligence, and in cases of loss the presumption of law is against them, and no excuse avails them unless the loss was occasioned by the act of God or the public enemies of the State." To make out his case the shipper need only show the delivery in good condition and the receipt in damaged condition; the defendant, to make good his defense must then show that the damage arose from causes unmixed with any negligence on his part. *Central R. & Bkg. Co.* v. *Hasselkus & Stewart,* 91 *Ga.* 382 (3) (17 S. E. 838, 44 Am. St. Rep. 37); *Central of Georgia Ry. Co.* v. *Clark Milling Co.,* 40 *Ga. App.* 113 (149 S. E. 77). There is a presumption that goods received are received by the shipper in good order when the contrary does not affirmatively appear. There is a defense of inherent vice. (*Southern Ry. Co.* v. *Bateman Fruit Exchange,* 173 *Ga.* 826, 162 S. E. 112; *Sowega Melon Growers Assn.* v. *P.M. Ry. Co.,* 57 *Ga. App.* 225, 230, 194 S. E. 917) but the burden of establishing it is on the defendant (*Southern Exp. Co.* v. *Bailey,* 7 *Ga. App.* 331, 66 S. E. 960) and he must affirmatively show that the damage resulted from such inherent vice unmixed with his own negligence. "In order for a carrier or other bailee to avail himself of the act of God or exception under the contract as an excuse, he must establish not only that the act of God or excepted fact ultimately occasioned the loss, but that his own negligence did not contribute thereto. . . *Richmond & Danville R. Co.* v. *White,* 88 *Ga.* 805 (15 S. E. 802)." *Bugg* v. *Perry & Faircloth,* 42 *Ga. App.* 523 (3) (156 S. E. 708).

Without entering into a discussion here of the circumstances under which a carrier will be held liable for, or exempted from, liability where it appears that the injury resulted solely from the fault of the shipper in improperly packing the merchandise (which involves the question of whether the carrier did or should have known of the defect at the time it accepted the cargo) the

rule is that if the defendant defends on the ground that the shipper is guilty of negligence in improper packing, the burden is on him not only to show that the loss was occasioned by such fault on the part of the shipper but he must negative any contributing fault on his own part. *Atlanta & W. P. R. Co.* v. *Jacobs Pharmacy Co.*, 135 *Ga.* 113 (7, 8) (68 S. E. 1039).

There is in this case direct, unimpeached and uncontradicted testimony that this particular press had been shipped from overseas to the United States, and from the point of entry to several other places, crated in exactly the same manner and with the same number and variety of skids as it was packaged with on the trip in question, and that on the former occasions it traveled without injury. The bill of lading here recited receipt by the shipper in apparent good order; the plaintiff alleged that it was delivered to the shipper in good order, and the defendant made no denial of this allegation in its answer. With the burden on it to establish an affirmative defense, it pleaded none, relying only on a denial that the property was injured in transit, a fact which is conclusively shown to have been the case, and the closest that the evidence got to the defense of improper packing as the cause of damage was the opinion of one of its employees that the crate should have had more skids, in his opinion, and that in the way it was packed "normal vibrations *could* have caused the machine to crack." This would not, of course, have rebutted the positive testimony that the *crate,* as well as the machine, was cracked on its arrival. But, even if this was not such an affirmative defense as the defendant would be forced to plead if it wished to rely on it, and even if the testimony would authorize a finding that the packaging could have been responsible for the damage, there is not one word of testimony on behalf of the defendant to show that its own negligence, which the law presumes against it under such circumstances, did not also contribute to the damage. It follows that the defendant did not present any defense which would have authorized a verdict in its favor. This being so, any error in the charge relating to the defense sought to be interposed in favor of the defendant would not prejudicially affect the verdict which was demanded against it. Accordingly, the special grounds of the motion for

new trial relating to the charge are not here discussed separately.

The assignment of error in special ground 4 contends that the court misstated the contention of the plaintiff that the goods were damaged "on the part of the trip which involved the defendant." This was, however, an error favorable to the defendant, since the plaintiff did not specify whether the damage occurred while the goods were in the possession of the initial or the connecting carrier.

The trial court did not err in denying the motion for new trial.

*Judgment affirmed. Gardner, P.J., and Carlisle, J., concur.*