45920. THURSTON MOTOR LINES, INC.
v. CORRY et al.

SUBMITTED JANUARY 8, 1971—DECIDED JANUARY 27, 1971.

232

*Carnes & White, James A. White, Jr.,* for appellant.

*Smith, Spears & Sears, Virgil H. Smith,* for appellee.

EVANS, Judge. Thurston Motor Lines contends that North Georgia Express Company was the consignee and its liability ended on delivery at the address of North Georgia Express Company, since the bill of lading was to "Robert E. Corry, Jr., c/o North Georgia Express Company." All of the parties contend that the case is controlled by the Carmack Amendment, 49 USCA § 20 (11). The pertinent part of this statute is: "Any common carrier . . . subject to the provisions of this chapter receiving property for transportation . . . to a point in another state . . . shall issue a receipt or bill of lading therefor, and shall be liable to the lawful holder thereof for any loss, damage or injury . . . to such property caused by it or by any common carrier . . . to which such property may be delivered or over whose line or lines such property may pass. . ."

Thurston contends that North Georgia Express Company is not a participating carrier in this instance in the movement of goods with it, and that the evidence shows that it delivered the goods in good condition to North Georgia Express Company and is therefore not liable. However, the evidence is in conflict as to the condition of the goods when received by Corry and/or North Georgia Express Company. An employee for North Georgia Express Company states that one of the cartons was damaged when they were received by it. Upon delivery to Corry there is evidence that the furniture was damaged inside the cartons which could not be observed until unpacked. Since the trial court heard the evidence without the intervention of a jury, and there is evidence to support its finding, the court did not err in refusing to direct a verdict in favor of Thurston and in rendering judgment against it, there being evidence sufficient to support the same. An initial car-

rier may be held liable for loss or injury sustained. This is true whether or not North Georgia Express Company acted as a local delivering carrier as contemplated by the Carmack Amendment, or whether Thurston's liability ended on delivery to some person at the address of North Georgia Express Company. The evidence is sufficient to show that the damages were latent and only appeared when all of the cartons were opened. Proof that goods were received by the carrier in good condition and arrived in damaged condition casts the burden of proof upon the defendant carrier to establish an affirmative defense. *Loo-Mac Freight Lines v. American Type Founders,* 100 Ga. App. 203 (110 SE2d 566).

*Judgment affirmed. Jordan, P. J., and Quillian, J., concur.*