47457.   MANN v. EPSTEIN et al.

SUBMITTED SEPTEMBER 14, 1972—DECIDED SEPTEMBER 25, 1972.

*Harl C. Duffey, Jr.,* for appellant.

*Wall, Parker & Campbell, Alford Wall,* for appellees.

DEEN, Judge. The agreement made the judgment of the Texas court in the litigation pending there requires that, should any partner fail to pay his pro rata share of liabilities as determined by the liquidating agent, a judgment for such proportionate share shall be obtained by the agent against the defaulting partner. The court in its order which incorporated the agreement found that the agreement settles all the issues raised in the Texas lawsuit, but further provides that "upon a showing to this court that all of said acts and undertakings have been performed, the same shall become the judgment of this court." As we construe the self-designated interlocutory order, it gives court sanction

to contract commitments between the parties to be carried out in the future. The commitment of the defendant was not carried out according to the allegations of the complaint. Under both the judgment and the contract the plaintiff therefore has a right to collect the pro rata share. But the Texas judgment does not find any specific amount against the defendant, and is obviously not such a judgment as may be enforced "without the State of Texas" by execution, garnishment, attachment, or any of the other means commonly used in Georgia to collect money judgments. This places the defendant in a better position than he would otherwise be, since it allows him to contest the amount of the assessment. "The judgment sought to be set up as res adjudicata must be the result of an actual and fair trial of the issues." *Mo. State Life Ins. Co. v. Lovelace,* 1 Ga. App. 446 (2) (58 SE 93); *Atlantic C. L. R. Co. v. Tifton Produce Co.,* 56 Ga. App. 776, 779 (194 SE 72).

Does the Texas interlocutory order purport to take exclusive jurisdiction of the enforcement of collection of pro rata liabilities? We do not so construe it. The agreement gives consent to being entered as an order of court in the prior case, and states that *in such event* the parties are to be bound by its terms. The order itself is entered *subject to performance* by the parties of their contractual obligations. Therefore, in seeking to enforce the contractual obligation the plaintiff is also in effect attempting to carry out the provisions of the order. Appellee cites *Grayson v. Grayson,* 217 Ga. 133 (121 SE2d 34) and other cases holding that where parties to a judicial proceeding enter into an agreement settling the issues involved they will not thereafter be heard to question the validity of the agreement. Here the validity of the agreement is not sought to be questioned but enforced. The agreement contained a consent clause to its becoming a part of the Texas judgment to be enforced within or without the State of Texas, and the judgment so entered was prospective in that it required the parties to do certain acts as set out in the agreement. The Georgia suit seeks to implement both documents by requiring the de-

fendant to do what he agreed to do in the contract, which is what the Texas court also stipulates as a condition precedent to a final judgment in that cause.

It was error to sustain the plea of res judicata.

*Judgment reversed. Eberhardt, P. J., and Clark, J., concur.*