THE GEORGIA RAILROAD AND BANKING COMPANY, plaintiff in error, *vs.* JAMES NEELY, defendant in error.

1. In Georgia, ordinary domestic animals and railroad trains are equally free, as respects each other, to pass over unenclosed lands. If they come in collision, with damage to either, the diligence of their respective owners will become material on the question of compensation.

2. What will excuse, and what will mitigate, where stock is killed by a locomotive.

3. Full diligence, in this case, established by the company.
4. Negligence is matter of fact, not of law.
5. Does the first proposition in section 2972 of the Code apply to other than personal injuries ?   *Quære.*

Railroads.   Fences.   Damages.   Before Judge POTTLE. Oglethorpe Superior Court.   April Term, 1876.

Neely brought case against the Georgia Railroad and Banking Company for damages resulting from the killing of a mule and the disabling of a colt, both the property of the plaintiff.   The defendant pleaded not guilty.

The evidence presented, in brief, the following facts :

The plaintiff, having made his crop, turned his mule out, having first hobbled her.   The mule, by grazing, would feed herself, saving the plaintiff the expense of keeping her.   The colt was also turned out.   Both went upon the track of the defendant at night, and were struck by a passing train.   The mule was killed and the colt ruined.   The engineer discovered them on the track as far ahead of his engine as the head-light would enable him to see.   He immediately reversed his engine, blew on the brakes, and made every effort to stop the train, but was unsuccessful, owing to the grade down which he was running.   When he first discovered the animals on the track, some sixty to seventy-five yards ahead of him, he whistled continuously for the purpose of frightening them off.   The plaintiff lived near the railroad.   The engineer testified that he thought the mule would have moved from the track had she not been hobbled ; that she appeared to be making great efforts to do so as the train approached her.   The plaintiff, on the contrary, swore that the hobbling did not affect her powers of locomotion.

Evidence as to value, etc., was introduced.

The jury found for the plaintiff $48 00, evidently apportioning the damages.   The defendant moved for a new trial upon the following, among other grounds:

1st. Because the verdict was contrary to the law and the evidence.

2d. Because the court erred in refusing to charge as follows: "Ordinary care of horses and mules requires of the owners thereof not to turn them loose at night untended, near an unenclosed railroad track over which trains are constantly passing. The turning a mule or horse, untended, at night, hobbled or tied down so that its locomotion is seriously interfered with, into a public road adjoining an unfenced railroad track, is such gross negligence on the part of plaintiff that he cannot recover for any injury done to such horse or mule by a train running over such railroad track, where the only negligence was the absence of a fence enclosing said track."

The motion was overruled and the defendant excepted.

W. M. &. M. P. Reese; S. Lumpkin, for plaintiff in error.

Whitson G. Johnson, for defendant.

Bleckley, Judge.

1. Georgia, for the most part, is unfenced. For purposes of mere transit, unenclosed territory is here scarcely less common to things that go upon land than are the high seas to ships and steamers. Cattle have, in this state, generally, license to range at large at the will of their owners. And, with the right of way secured, railroad trains may run along their prepared and pre-established paths, through forest as well as field. Corporations are not bound to fence their lines, nor farmers to confine their ordinary domestic animals. Nor is it incumbent upon either to prevent trains and animals from crossing each other's track. A locomotive and a mule may well pass over the same ground, so that they pass at different moments of time. If, however, they contend for the same place at the same instant, and a collision ensues, with damage to either, the diligence of their respective owners may be challenged and compared. In two respects the comparison will influence the pecuniary consequences of the collision; it will decide whether any compensation is due to the owner of the injured property, and if any, whether it should be full or only partial.

The Georgia Railroad and Banking Company *vs.* Neely.

2. In advance of all testimony on the point of diligence, our law presumes that the corporation was altogether in fault: Code, section 3033. From this it results, that until evidence is brought forward which vindicates the company's diligence or impeaches that of the other party, the company has no claim to compensation, when the property injured is the locomotive or cars; and that, when the property injured is the mule, the owner of it is entitled, *prima facie*, to compensation in full. Supposing the action to be, as in the present case, for killing the mule, the killing established and value proved, the company opens its defense with a complete case against it for full damages. To change that case into one for no damages at all, (granting the mule to have been killed and of some value) the evidence must make out one of three propositions : that the plaintiff consented to the injury, or that he caused it by his own negligence, or that the agents of the company exercised all ordinary care and reasonable diligence: Code, sections 3033, 3034. If the plaintiff consented to the injury, the matter is plain. If his own negligence was the sole and only cause of it, there is still no difficulty ; for the establishment of that affirmitive, either negatives the fact of negligence on the part of the company's agents, or renders the fact immaterial. Of course, however negligent these agents may have been, if the plaintiff's negligence was the sole cause of the injury, *their* negligence was no part of the cause; hence its immateriality. If the plaintiff neither consented to, nor caused the injury, care and diligence of the company's agents must be shown to have been ordinary and reasonable. No less degree will suffice for complete exoneration. If that degree cannot be established, the plaintiff must recover something ; and the question will be whether his recovery can be reduced to partial compensation only. But one thing will so reduce it; and that is proof of contributory negligence on his part. For the same reason that recovery is wholly defeated when his negligence is shown to have been the sole cause of the injury, it will be defeated in part when his negligence is shown to have been part of the cause. However slight, it

The Georgia Railroad and Banking Company *vs*. Neely.

will count against him, and though the company be chargeable with something, he, on the other hand, must lose something. For the apportionment of damages according to the relative fault of the parties, there seems to be no standard more definite than the enlightened opinion of the jury: Code, section 3034. But it should not be overlooked that the defendant is not to be deemed in fault at all, unless there was a failure to exercise ordinary care or reasonable diligence. For simply falling short of extreme and extraordinary care and diligence, the defendant is not liable even to contribute.

3. On scrutinizing the evidence before us we are of opinion that the company's agents were not wanting in ordinary care or reasonable diligence; and that the verdict which was rendered on the basis of contributory negligence cannot be upheld. The evidence is not conflicting nor inadequate. The burden of proof cast by law on the defendant, has been successfully carried.

4. The court was correct in refusing to charge, as law, propositions which affirm certain things to be negligence if established. It has been several times ruled by this court that what amounts to negligence, under all the circumstances, is a question, not of law, but of fact.

5. I have purposely omitted from the grounds of this opinion any reference to section 2972 of the Code, which declares that, "If the plaintiff, by ordinary care, could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover." It applies, in terms, to *personal* injuries, and if its meaning can be extended to injuries affecting property, it would seem to be applicable only where the plaintiff's duty is to act after the defendant's negligence has commenced and become apparent. When the consequences of a present or antecedent negligence are impending, whoever can shun them by ordinary care and fails to do so, ought not, perhaps, to be heard to complain of them, whether they touch his person or his property.

Let a new trial be granted.

Judgment reversed.