IN THE

# Supreme Court of Georgia,

AT ATLANTA.

AUGUST TERM, 1878.

PRESENT—HIRAM WARNER.........CHIEF JUSTICE.
L. E. BLECKLEY...........ASSOCIATE "*
JAMES JACKSON.......... "     "

---

## THE ATLANTIC AND GULF RAILROAD *vs.* GRIFFIN.

1. Where in a suit against a railroad company for the killing of stock, the killing is admitted, the *onus* is on the defendant to show the use of all ordinary and reasonable diligence.
2. In this case the evidence failed to establish the exercise of such diligence.

Railroads.   Presumptions.   *Onus probandi.*   New trial. Before Judge HANSELL.   Brooks Superior Court.   November Adjourned Term, 1877.

Reported in the decision.

S. T. KINGSBERRY, for plaintiff in error, cited Code, §§3033, 3049 ; 56 *Ga.*, 541.   Tender of damages, 20 *Ga.*, 60.

J. A. ALLBRITTON, by brief, for defendant, cited as fol-

*The constitution of 1877 declares that "the supreme court shall consist of a Chief Justice and two Associate Justices." Hence the change here observed.—(R.)
2

lows: Negligence, 48 *Ga.*, 514; 56 *Ib.*, 458; 58 *Ib.*, 461; 40 *Ib.*, 439; 13 *Ib.*, 223; 42 *Ib.*, 300; 19 *Ga.*, 437; 56 *Ib.*, 461; 55 *Ib.*, 126; 18 *Ib.*, 680.

WARNER, Chief Justice.

The plaintiff sued the defendant in the county court for killing his stock on its railroad. The county judge, under the evidence before him, rendered a judgment against the defendant for the sum of $41.75. The defendant sued out a *certiorari* to the superior court, which, after hearing the same, affirmed the judgment of the county court. Whereupon the defendant excepted.

From the evidence contained in the record, we find no error in the judgment of the court. The burden of proof was on the defendant to make it appear that it had exercised *all* ordinary and reasonable care and diligence, the killing of the stock by the defendant having been admitted. Code, §3033. The evidence of the defendant's engineer is, " that as soon as the cattle were seen by him on the track, he did all in his power to prevent running into said cattle by reversing his engine, etc." Whether he exercised diligence in being at his proper place, and in looking down the road to see if there was anything on it, does not appear. The evidence in the record is not sufficient to rebut the legal presumption of negligence on the part of the defendant so as to make the judgment of the court erroneous.

Let the judgment of the court below be affirmed.