THE WESTERN & ATLANTIC RAILROAD COMPANY *vs.* JONES.

[JACKSON, Chief Justice, was providentially prevented from presiding in this case.]

Railroads are required by law to establish posts on each side of public crossings, to blow the whistle and check the speed of its trains in approaching them, so as to be able to stop should any one be on the crossing. While these provisions are intended to protect life and property at such crossings, yet where an accident took place just beyond a crossing, the fact that these requirements were disregarded may be considered by the jury in determining the question of negligence on the part of the employés of the railroad.

Railroads. Damages. Negligence. Before Judge McCUTCHEN. Catoosa Superior Court. February Term, 1880.

Reported in the decision.

W. H. PAYNE; I. E. SHUMATE, for plaintiff in error.

W. K. MOORE, for defendant.

CRAWFORD, Justice.

This suit was brought against the Western & Atlantic Railroad Company, to recover damages for a horse killed by one of its trains, and for which the jury found a verdict in favor of the plaintiff for the sum of ninety dollars.

A motion was made for a new trial—because the evidence did not support the verdict, and because the court erred in the instructions given to the jury.

The killing was not denied, and the questions of value and diligence were the controlling matters in issue. The testimony was with the plaintiff on the value—and under the decision of this court in the 61 *Ga.*, 11, it was also with him in the matter of diligence.

Unless, therefore, the court erred in its charge, and refusal to charge, the judgment must be affirmed. The defendant requested the following charge—"That all the regulations prescribed in section 708 of the Code, as to blow-posts, and blowing and checking the trains, are intended solely as a means of insuring safety to persons or things on the crossings, or in the act of crossing, and do not apply to stock which is not on the crossing, or being driven across the same." In lieu of the above request the court charged—"That the law requires railroad companies to establish blow-posts, and to blow the whistle four hundred yards before reaching a public crossing, and to continue to blow, to check the speed of the train, and continue to check so that they may stop if any person or thing should be crossing the track, and is intended to apply directly to the protection of such crossing.

"But if you believe this company failed to comply with this law, and that such failure contributed to the killing of the plaintiff's horse, you may consider this in connection with all the other facts and circumstances of the case in determining whether or not the killing was caused by the negligence of the agents of the company."

Looking at this charge in the light of the evidence and the law governing such cases, we cannot hold that it was error. Trains are to be run in obedience to law, and if they should be run at any time or place, in violation of a positive penal statute of the state, such an act is not only one of negligence, but of crime, and any injuries to others resulting *therefom*, must be responded to in damages. Signal posts and the sounding of the alarm whistle, it is true, are intended to protect life and property at public crossings, but more than this is required the employès of the roads must have their trains sufficiently in hand to warrant absolute protection at those points, and a failure to do this is negligence. So that in this case, had the engineer and the men under him obeyed the law, then the speed of the train could have been checked in time to have prevented injury on the crossing itself, but having disobeyed it he was unable to check it in time to prevent the injury which occurred a short distance beyond. The absence of the signal post, the failure to give the usual warning upon approaching the crossing, as well as the neglect of having his train under control at a point where the law declares it his duty to do so, may well be considered by the jury in determining upon the question of negligence in killing the horse just at the place where he was killed. Finding therefore no error in the charge of the judge, nor in his refusal to charge, the judgment is affirmed.

Judgment affirmed.