## THE GEORGIA RAILROAD *vs.* FISK.

1. Where the errror assigned is that the court below should have granted a *certiorari* to the judgment of a justice against a railroad for the killing of a cow, on the ground that the presumption against the railroad had been rebutted, the answer of the justice is necessary to make such error appear to this court.
2. Even if the evidence stated in the petition for *certiorari* be correct, it does not appear that the presumption against the defendant was rebutted.

*Certiorari.* Railroads. Damages. Negligence. Practice in the Supreme Court. Before Judge SNEAD. Columbia Superior Court. March Term, 1880.

Reported in the decision.

W. M. & M. P. REESE, for plaintiff in error.

DAVENPORT JACKSON, for defendant.

JACKSON, Chief Justice.

The Georgia railroad train killed a cow on the track,

and a justice court gave judgment against the company for $20.00. The case was carried by *certiorari* to the superior court, and the judgment was affirmed. It is now brought here by writ of error, and the sole question is, did the superior court err?

There is no return or answer made by the justice of the peace to the writ of *certiorari*, so far as this record shows, and therefore no evidence before this court whereby it is made to appear that the judgment of the superior court is wrong; and it is for the plaintiff in error to show to this court the error which he assigns, which is that the facts show that the presumption against the company was successfully rebutted. But conceding that the petition correctly sets out the facts, we cannot see that, under the ruling in 61 *Ga.*, 11, the presumption was rebutted. The cow was killed at a spring of water near an' abrupt curve in the railroad track, where cattle were frequently killed before, and neither the fireman nor the engineer swear that either of them was on the look-out for cattle there. The consequence was that the engine was too near the cow to be checked when killed—so the justice court and the superior court must have reasoned—and we cannot say that error was committed in so reasoning from the facts set out in the petition.

It is true that the cow was hobbled, and another cow did escape unhurt, as testified by the engineer or fireman ; but other witnesses swore that the speed of this cow and its free locomotion were not impeded by the condition it was in, and it might have got off the track had a watch been kept on the road-bed at this dangerous curve, and the whistle been blown and thus the animal alarmed, as it was in evidence that she had been seen to outrun man and dogs, and to jump fences with this chain on her.

The law is that the company must "make it appear that their agents have exercised *all* ordinary and reasonable care and *diligence*" in order to rebut this presumption, Code, section 3033 ; and section 3042 would seem to be

v, 65—46

broader still. But we rest this case on section 3033 as the law applicable here, and cannot say that the court below committed error in ruling that *all* such diligence as the statute requires was not made to appear sufficiently to rebut this presumption against the company in all cases.

Judgment affirmed.