THE CENTRAL RAILROAD AND BANKING CO. *v.* GOLDEN.

1. It was not error in charging the jury to recite sections 708, 709 and 710 of the code, which prescribe the duty of railroad companies and their employees touching the erection of blow-posts, the speed of trains, and the duty to give signals on approaching public crossings; the action being for a personal injury by collision with a train approaching a public crossing, though more than two hundred yards from the same. But the failure to observe the statutory requirements, while in the abstract negligence *per se,* may not be negligence at all relatively to a person thus injured; it may be no more than a fact to which the jury could look in ascertaining whether the company was negligent relatively to him or not. Had

the injury occurred upon the public crossing, the rule of negligence *per se* would have been applicable without qualification.

2. There is no presumption of law that a boy between ten and fourteen years of age is not capable of exercising such care as may be requisite for avoiding injury by a railroad train in motion, whether the train be run negligently or not.  In each case the question is for the jury in the light of all the facts and circumstances which go to manifest or illustrate the capacity of the particular boy in question.

3. The declaration not being ambiguous, it was error in the court in charging the jury to treat, either directly or indirectly, as a ground of recovery, any negligence of the defendant substantially different from that alleged, such as failure to prevent the plaintiff from climbing upon the cars.

January 8, 1894.

Action for damages.   Before Judge BARTLETT.   Bibb superior court.   April term, 1893.

Golden sued the railroad company for damages, and obtained a verdict.   Defendant's motion for a new trial was overruled.   The plaintiff was a boy of twelve and a half years.   His declaration alleged, that he was crossing defendant's track at a point about 75 yards north of a public crossing, and between said crossing and where the blow-post was or should have been, when defendant's south-bound freight-train came upon him and, without fault on his part, ran over and mangled his leg; that defendant's employees did not whistle at the blow-post nor continue to do so, nor did they slacken speed nor continue to do so ; that the engineer could have prevented the injury by sounding the whistle, and had time to do so after he saw plaintiff, but failed to do so, and, if he did not see plaintiff, was negligent in that; that he saw or should have seen that plaintiff was a child ; that plaintiff was in the exercise of such care as a boy of his age should exercise ; and that as soon as he was aware of the proximity of the train, he stepped back and tried to get off the track, but was run over.   He gave testimony in support of his allegations ; while the testimony of several witnesses introduced by the defend-

ant tended strongly to show, that plaintiff and other boys were trying to swing themselves upon the ladders at the sides of the freight-cars, for the purpose of getting a ride, the train at the time running down grade at the rate of eight or ten miles an hour, approaching the city of Macon; and that plaintiff was injured while engaged in this undertaking, in spite of the warnings and remonstrances of the brakeman on the cars, who did all he could to make plaintiff desist. This was denied by plaintiff. The opinion states the grounds for new trial, so far as material.

STEED & WIMBERLY and JOHN R. COOPER, for plaintiff in error. JOHN L. HARDEMAN, *contra.*

SIMMONS, Justice.

1. Complaint is made in the motion for a new trial that the court erred in giving in charge to the jury sections 708, 709 and 710 of the code, which prescribe the duties of railroad companies and their servants in approaching public crossings. It is claimed that these sections are not applicable to the facts of this case, inasmuch as the place on the track or right of way where the boy was injured was more than two hundred yards from the crossing. If this were an original question in this court, I would be inclined to agree with the views of counsel for the plaintiff in error; but inasmuch as this court has decided several times, notably in the case of *Western & Atlantic Railroad Co.* v. *Jones,* 65 *Ga.* 631, that such a charge was not erroneous, and those cases never having been reviewed and overruled, the court is bound thereby. But this court, so far as I know, has never held, relatively to a person that distance from the crossing, that the omission to give the signals required by law is negligence *per se,* as was charged in this case by the trial judge. It has held that the evidence of non-compliance with the statute by the servants of the

railroad company is admissible, and the jury may be instructed by the judge that they may consider it. This, I think, is as far as the court has gone on this subject. Those decisions may be correct upon the idea that the proof of omission of this duty on the part of the railroad company's servants might give rise to an inference that they were in other respects negligent or reckless. So far as I know, no court in this country has yet held that the omission to give signals prescribed by statute is negligence *per se* relatively to a person not on or near the crossing, except in those States where the statute makes it negligence *per se*. This court, while holding as above announced, that the evidence was admissible and the charge thereon proper, has never definitely and accurately determined what weight or effect it ought to have with the jury. In this connection, however, see the opinion of Lumpkin, J., in *Atlanta & Charlotte Air-Line Ry. Co.* v. *Gravitt*, decided at the present term (*ante*, 369). Although the present case was decided earlier than that case, the opinion in the latter was filed before this opinion was prepared.

2. The court charged the jury, in substance, that between the ages of ten and fourteen years, the law does not presume that a person has arrived at the age of discretion, unless it shall appear that he is able and possesses the capacity to discern what is right and what is wrong; and it must be shown by proof that he knew the distinction between good and evil and had capacity to realize the danger and avoid the same. We do not think this charge was pertinent and appropriate. There is no presumption of law that a boy between ten and fourteen years of age is not capable of exercising such care as may be requisite for avoiding injury by a railroad train in motion, whether the train be run negligently or not. It would be folly to say that a boy twelve years old and of ordinary intelligence, as this boy seems to

have been, would not know it was dangerous to attempt to climb upon a moving freight-train while it was in rapid motion. In a case of this kind we do not think the jury should be instructed as to presumptions of law in regard to the capacity of the boy, but the case should be tried on its special facts, and the jury should determine from the testimony whether he did have sufficient capacity at the time of the injury to know that the act which he was about to do was dangerous. It is true that in the case of *Rhodes* v. *Railroad Co.*, 84 *Ga.* 320, BLANDFORD, J., in delivering the opinion of the court, said that the analogies of the criminal law as to the age of discretion might be followed in determining as to the capacity of an infant to realize and avoid danger; but in that case he was giving reasons why the court should not sustain a demurrer to the declaration on the ground that the facts alleged in the declaration showed that the boy brought about the injury by his own conduct. What the court really holds in that case is, that upon such a demurrer the judge cannot say *prima facie* that the boy had sufficient capacity to appreciate the danger of the act which he was about to do, and that the judge might avail himself of the analogies of the criminal law in passing upon the demurrer; but where the case is being tried by a jury, they should be allowed to decide the question under the evidence, without being hampered by any presumption. *Central Railroad* v. *Rylee*, 87 *Ga.* 491.

3. The negligence complained of in the declaration was, that the engineer failed to sound the whistle; that he had time to see the plaintiff, but failed to see him; that he saw or should have seen that the plaintiff was a child. These were the only acts of negligence complained of. The court in its charge to the jury instructed them in substance that if the boy attempted to jump on a moving train and fell under the train, he could not recover unless the railroad company's ser-

vants, after discovering that he was endeavoring to do so, failed to prevent it by the exercise of ordinary care and diligence. It is a well known rule that a plaintiff must recover upon the allegations of negligence set out in his declaration, and not for acts not alleged therein. This declaration was plain and unambiguous, and the court erred in charging the jury to treat, either directly or indirectly, as a ground of recovery, any negligence of the defendant substantially different from that alleged. *Central Railroad* v. *Hubbard*, 86 *Ga.* 627, and cases cited. We cannot say that this charge did not influence the jury to find as they did.

*Judgment reversed.*