312.   HARDEN *et al.,* next friends, *v.* GEORGIA RAILROAD COMPANY.

There was no error in sustaining a general demurrer to the petition.

(*a*) The presumption of negligence arising by operation of law (Civil Code, §2321) is a rule of evidence, and has no application to a plaintiff's petition. A plaintiff must allege sufficient specific acts of negligence, as to the injured party, to withstand demurrer, and can recover only on the specific acts alleged.

(*b*) Negligence is the failure to perform a duty of diligence toward one entitled thereto. There is no duty of diligence that trains shall not be behind time or shall not run at a certain speed, due by a railroad company as to one who is on its track not at a crossing, until the presence of such person is discovered, or can be ascertained by the exercise of ordinary care and diligence in keeping a proper lookout.

(*c*) A ruling upon the question of negligence can be invoked by general demurrer.

(*d*) In the present petition there is no allegation of a failure of diligence relative to the deceased in any respect with regard to which diligence was due to him. The acts of the defendant alleged are not, as to the deceased, negligence.

Action for damages, from city court of Sparta—Judge Little. October 23, 1906.

Submitted May 2, 1907.—Decided January 15, 1908.

*R. H. Lewis, L. C. Culver,* for plaintiffs.

*Joseph B. & Bryan Cumming,* for defendant.

RUSSELL, J.   The plaintiffs, as next friends for two minor children of Matt Harden, brought suit against the Georgia Railroad Company for damages arising from the homicide of the father of the children. It was alleged, that "Matt Harden was killed by an engine of the train of cars running over the tracks of the Georgia Railroad Company, in the county of Hancock, on the 26th day of September, 1904, about three hundred yards from the crossing of the track of said railroad at Dixie. Said train was behind time and running at an illegal and reckless rate of speed, conducted by the agents and employees of said company. The value of the life of said Harden to said minor children was nineteen hundred and

ninety-nine dollars, in which sum they were damaged by the negligence aforesaid, and for which sum petitioner prays judgment." The defendant demurred specially, on the ground that the petition failed to specify the train that killed the deceased, and that the rate of speed at which the train was running was not stated, so as to enable the defendant to properly make answer thereto. The demurrer was met by an amendment setting forth that the deceased was killed by an east-bound freight train, about twelve o'clock, midnight, of the 26th and 27th of September, said train running from Macon to Camak at not less than thirty miles an hour. Upon the allowance of this amendment the defendant demurred generally, and the court sustained the demurrer and dismissed the petition. The plaintiffs except to this judgment.

Counsel for the plaintiffs in error contend, in their brief, that the judgment sustaining the demurrer was error, because "the petition as amended is in the language of the statute." We presume that the statute to which reference is made is the act of 1856, as amended and codified (Civil Code, §2321); for counsel for the plaintiffs in error, in their brief, say, "this suit is based on code sections 2321-2, construed with §3830;" and we are cited to the cases of *Vickers* v. *A. & W. P. R. Co.,* 64 *Ga.* 306-9, *Hankerson* v. *S. W. R.,* 59 *Ga.* 593, and *Ga. R. Co.* v. *Neely,* 56 *Ga.* 543 (2). We fail to see that any of these authorities are in point on the question raised by the demurrer, to wit, the sufficiency of the petition to set forth a cause of action. Had no demurrer been filed, and if the *evidence,* instead of the *pleading,* were being tested, it would undoubtedly be true, as held in the *Neely* case, supra, "In advance of all testimony on the point of diligence, our law presumes that the corporation was altogether in fault. . . The killing established and value [for the life] proved, the company opens its defense with a complete case against it for full damages. To change that case into one for no damages at all, . . the evidence must make out one of three propositions: that the plaintiff consented to the injury, or that he caused it by his own negligence, or that the agents of the company exercised all ordinary care and reasonable diligence." To the same effect are the rulings in the *Vickers* and *Hankerson* cases. In the *Hankerson* case a nonsuit was held to be erroneous because the law presumed negligence from some of the *facts proved,* and there

was scope for legitimate reasoning by the jury whether that presumption was rebutted by other facts *in the plaintiff's evidence.*

In all of the cases, however, which we have examined, the rule relied upon by the plaintiffs in error did not become applicable until evidence had been adduced. It does not apply to the pleadings. For however anomalous it may appear that a plaintiff is required to allege acts of negligence which he need not prove unless he desires, the rule rests upon the reason that the plaintiff, having shown his injury, may rely upon the presumption of negligence, until it is rebutted by proof; and the defendant railroad, being thus notified of what acts of negligence it is called to meet, finds some protection in the fact that the plaintiff can only recover on the specific acts of negligence alleged as the cause of the casualty. The provision of the Civil Code, §2321, that, in injuries by a railroad, a presumption of negligence arises, is nothing more nor less than a rule of evidence. As such it is applicable to the evidence when a case has reached that stage, but it does not, under the rulings in *Augusta Ry. Co.* v. *Weekly,* 124 *Ga.* 384 (52 S. E. 444), *Central R. Co.* v. *Tucker,* 79 *Ga.* 128 (4 S. E. 5), *Central R. Co.* v. *Avant,* 80 *Ga.* 195 (5 S. E. 78), and *Central R. Co.* v. *Nash,* 81 *Ga.* 580 (7 S. E. 808), dispense with the necessary pleading of proper facts to show liability. *South Ga. Ry. Co.* v. *Ryals,* 123 *Ga.* 330 (51 S. E. 428). If the plaintiffs could have proved that Harden was killed by the train of the defendant, after having alleged some specific act of negligence with reference to which the company owed the duty of diligence to Harden, the presumption would have arisen (in the nature of evidence in behalf of the plaintiffs) that the defendant was negligent in the respect alleged, and the plaintiffs, under the ruling in the *Neely* case, could have made out their case. The defendant, however, under the ruling in *Jarrett* v. *A. & W. P. R. Co.,* 83 *Ga.* 350 (2) (9 S. E. 681), had the right to invoke the ruling of the court upon the question of negligence, by a general demurrer; and we see no error in the judgment of the court in the premises. The only facts alleged as negligence are that the train was behind time and was running at an illegal and reckless speed. The only negligence inferable from the statement that the deceased was within 400 yards of a railroad crossing is that perhaps the defendant failed to observe the statutory requirement with reference to checking speed and tolling

the bell. But, under the ruling in *A. & C. Air-Line Ry. Co.* v. *Gravitt,* 93 *Ga.* 369 (20 S. E. 550, 26 L. R. A. 553, 44 Am. St. R. 145), the defendant owed the deceased no duty to observe this statutory requirement; because he was a trespasser. It is settled that there can be no negligence unless there is some duty of diligence. Relatively to the deceased, negligence must consist in the omission of some diligence due for his safety; and as there was no duty as to him, at the point where the casualty occurred, that the defendant's train should not be behind, or that it should not run at the rate of speed alleged, under the uniform rulings of the Supreme Court there was no negligence alleged as to the deceased, and the plaintiffs could not recover for his homicide.

Even though the deceased was a trespasser in a certain sense, the plaintiffs might recover if it had been alleged that the place was such as to require the railroad company and its servants to anticipate the presence of pedestrians at that place (either a crossing or a pathway used with the assent of the railroad); because at such a place it becomes the duty of the company and its servants to exercise ordinary and reasonable care and diligence in the matter of ascertaining the presence of such pedestrians, and likewise in avoiding injury to them after their presence is discovered. *Macon & Birmingham Ry. Co.* v. *Parker,* 127 *Ga.* 471 (56 S. E. 616), *Ashworth* v. *So. Ry. Co.,* 116 *Ga.* 638 (43 S. E. 36, 59 L. R. A. 502); *Crawford* v. *So. Ry. Co.,* 106 *Ga.* 873 (33 S. E. 826). If the agents of the defendant, in charge of the train, had been aware of the presence of the deceased, and thereafter had failed to use all ordinary care and diligence for his safety, the defendant would be liable for that absence of diligence, even to a trespasser. But in view of the fact that the petition in this case entirely failed to show that the defendant had neglected or omitted any duty which it owed to the deceased, the timely demurrer of the defendant was properly sustained.         *Judgment affirmed.*