27707. KELLETT *v.* TEMPLETON.

DECIDED DECEMBER 5, 1939.

*Frederic B. Tyler,* for plaintiff in error.

BROYLES, C. J. The plaintiff sued the defendant for damages for personal injuries, alleged to have been sustained by her when the defendant drove his automobile against her. The only allegations in the amended petition as to the defendant's negligence are as follows: Paragraph 2. Defendant "has damaged your petitioner in the sum of $500 by reason of the negligent operation of his automobile on April 2, 1938, in the City of Augusta, on Seventh Street, between Reynolds and Broad Streets." Paragraph 3. "Petitioner avers that as she was crossing the street at said time in front of the Chronicle office and in broad daylight, the defendant negligently ran into petitioner. . ." Paragraph 6. "Petitioner avers that she was in full view of defendant and *if* [italics ours] he were going at a moderate rate of

speed, he could have stopped said car without striking her." Paragraph 7. "Petitioner avers that she was in full view of the defendant and *if* [italics ours] he had been maintaining a proper lookout for pedestrians in said street he could have avoided said collision." The defendant's demurrer alleged that the petition failed to set out a cause of action against him; and that it failed "to set out any violation of any duty that the defendant owed to the petitioner, and the allegations of negligence are too general in their terms to put the defendant on notice of what his negligence consisted or what duty to the petitioner he has violated." The court overruled the demurrer, and the defendant excepted to that judgment.

It is well-settled law that "A ruling on the question of negligence can be invoked by general demurrer." *Harden* v. *Ga. R. Co.*, 3 *Ga. App.* 344 (c) (59 S. E. 1122). And in *Ga. R. & Banking Co.* v. *Williams*, 3 *Ga. App.* 272 (2) (59 S. E. 846), this court held: "The petition, failing to set out any specific acts of negligence which would authorize a recovery, should, on proper timely demurrer, have been dismissed." And on pages 273 and 274 of that case the court said: "While it seems to be anomalous that a plaintiff can recover by showing the injury, if the presumption of negligence arising against the railroad company is not rebutted, without proving the specific allegations of negligence contained in his petition, *still, specific acts of negligence* upon which he expects to recover *must be* alleged . . [and] the presumption of negligence . . *does not dispense with the proper pleading of necessary facts*. And while a plaintiff may recover, so far as the evidence is concerned, on the presumption of negligence, he can only recover *on the specific acts of negligence alleged* as the cause of his injury." (Italics ours.) The instant case is much stronger for the defendant than the one just cited, for here there was no presumption of negligence against the defendant.

In *Clark* v. *Sou. Ry. Co.*, 20 *Ga. App.* 274, 276 (92 S. E. 1020), this court held: "The court did not err in sustaining the demurrers and dismissing the suit. The allegations in the several paragraphs of the petition were general and uncertain, and lacking in the definiteness necessary to good pleading. There is no direct and specific allegation of negligence." In the instant petition, the allegations of negligence are "general and uncertain, and lacking

in the definiteness necessary to good pleading," and are merely conclusions of the pleader, and no facts are set out to support such conclusions. The petition fails to charge that the defendant was driving his car at an unlawful speed, or that he was driving it in violation of any law of the State or city, or that he was guilty of any specific act of negligence, either of commission or omission. It will be observed that paragraphs 6 and 7 of the petition allege that *if* the defendant had been going at a moderate rate of speed, or *if* he had been maintaining a proper lookout, he could have avoided injuring the plaintiff. Such "subjunctive-mood" allegations are insufficient to state as positive facts that the defendant was not driving at a moderate rate of speed, or that he was not maintaining a proper lookout. The petition failed to set out a cause of action and should have been dismissed on general demurrer.

*Judgment reversed. MacIntyre and Guerry, JJ., concur.*