## 29168. HALL v. STATE HIGHWAY BOARD.

DECIDED SEPTEMBER 27, 1941. REHEARING DENIED NOVEMBER 19, 1941.

*Wright & Willingham, Rosser & Rosser,* for plaintiff.

*John T. Ferguson, Preston Rawlins,* for defendant.

FELTON, J.  Burl Hall sued the State Highway Board for damages by taking from his land a large quantity of stone which was alleged to have been used by the board in the construction of a road in Walker and Dade Counties.  The suit was brought in the superior court of Paulding County, the residence of one of the members of the board at that time.  The petition is substantially as follows:  (2) The highway board is composed of three members, one of whom is Herman Watson, who is a resident of Paulding County.  (3) Petitioner was heretofore and is now the owner of a tract of land in Walker County, on which is located a large deposit of limestone, and the highway board, for the purpose of constructing a road from Walker County to Dade County, entered on said land, quarrying, crushing, and removing therefrom 33,344.6 tons of stone, which had a reasonable market value of $2650.84, and is still quarrying and moving stone therefrom.  (4) Said act on the part of the highway board amounts to the taking of the property of petitioner for public use, without just compensation, in violation of article 1, section 3, paragraph 1, of the constitution of Georgia (Code, § 2-301), which provides:  "Private property shall not be taken or damaged for public purposes without just and adequate compensation being first paid."  (5) By reason of the facts shown petitioner has been damaged in the sum of $2650.84.

The amendment to the petition is substantially as follows:  (1) The highway board entered on the land of petitioner on or about June 1, 1940, and at said time began crushing, quarrying, and removing stone therefrom, and said operation continued to about January 13, 1941.  (2) The stone so quarried and crushed was used in the construction of said road in both Walker and Dade Counties.  Petitioner is unable to say how much of said stone was used in Walker County and how much in Dade County, by reason of the fact that the records with respect thereto are in the possession of the highway board.  (3) None of the stone quarried from the land of petitioner was quarried from the right of way of said road, but was quarried from land privately and personally owned

by petitioner and located entirely outside of said right of way. (4) In view of the fact that the records are kept entirely by the board petitioner is unable to give other detailed information with respect to the stone quarried and taken from said land, other than that on or about August 2, 1940, he was furnished by C. D. Turhune, the cost clerk on project No. 1747, with information that the amount of rock used up to that date amounted to 82,000 tons. This was in a letter dated August 1, 1940, a copy being attached to the amendment. (5) On or about December 6, 1940, petitioner requested further information with regard to the amount of stone used on said project, and received from J. C. Robertson, resident engineer, a letter and statement which are attached to the amendment. (6) On January 11, 1941, petitioner requested further information, and received from the warden in charge and the cost clerk a statement of a further amount of stone which had been quarried and removed from said land, a copy of which statement is attached to the amendment. (7) Said road was built through said lot of land at a point where no road had theretofore existed. (8) Walker County had no connection with the building of said road, other than procuring and furnishing to the board a right of way therefor, and Walker County did not have anything whatever to do with the construction of the road, nor did it have anything to do with the quarrying and crushing of said stone from the land of petitioner, the construction of said road and the quarrying, crushing, and distribution of said stone from the land of petitioner having been done wholly and solely by the agents, officers, and employees of the highway department and convicts working under its direction. (10) Petitioner strikes paragraph 3 of the petition, and inserts in lieu thereof the following: Your petitioner was heretofore and is now the owner of a tract of land in Walker County, Georgia, on which is located a large deposit of limestone, and the State Highway Board, for the purpose of building and constructing a road which lies in both Walker and Dade Counties, entered on said land, quarrying, crushing, and removing therefrom 123,218 tons of limestone, which stone had a reasonable market value of $7\frac{1}{2}$ cents per ton; and at the date of filing this suit the highway board was still quarrying and removing stone therefrom. (11) Petitioner has been damaged in the sum of $9241.34, and prays judgment etc.

The following demurrers were filed by the defendant: "1. Defendant demurs generally to the petition as a whole, for the reason that the same sets forth no cause of action against this defendant. 2. Defendant demurs specially to paragraph 3 of the petition, for the reason that the same does not set forth the date on which the State Highway Board entered upon and removed from plaintiff's land the stone alleged to have been removed. 3. Defendant demurs specially to paragraph 4 of the petition, for the reason that it constitutes a legal conclusion of the pleader." After the petition was amended, the following demurrers were filed: "1. Defendant renews its general demurrer filed to the original petition, for the reason that the same sets forth no cause of action against this defendant. 2. Defendant demurs generally to the petition as amended, for the reason that the same sets forth no cause of action against the State Highway Board, and says that if it does set forth a cause of action the same is against Walker County, and not the State Highway Board. 3. Defendant demurs generally to the petition as amended, for the reason that if any cause of action is alleged the same should be against Walker County independently, or Walker County and the State Highway Board; and that the superior court of Paulding County does not have jurisdiction over this suit, but that the superior court of Walker County should have jurisdiction over same. 4. Defendant demurs specially to paragraph 3 of the petition as amended, for the reason that it is not alleged when the plaintiff became the owner of the tract of land in Walker County from which the limestone was quarried. 5. Defendant demurs further to paragraph 3 of the petition as amended, and moves to strike the following words from such petition: '123,218 tons, as shown by the exhibits hereto attached, which said stone had a reasonable market value of 7½ cents per ton, or a total sum of $9241.74,' for the reason that the exhibits attached to the petition show that if any stone was quarried from the lands of the petitioner at all, that only 34,692 tons were quarried. 6. Defendant demurs specially to paragraph 5 of the petition as amended, and moves to strike such paragraph in its entirety, for the reason that the petition as a whole and the exhibits attached thereto show that if the petitioner was injured and damaged in any sum at all, his only damage was for the appropriation of 34,692 tons. 7. Defendant demurs to and moves to strike

paragraph 2 of the petition, for the reasons set out in the paragraph next above."

The court passed the following order: "Upon consideration and after argument and after amendment of the original petition and after amendment of the demurrer, the demurrer is sustained and the petition and action is dismissed." The parties treat the order as a ruling on the general demurrer only, and argue only one question, to wit, whether the suit would lie as brought, or whether it should have been brought in a county where the road was being built. The exception is to the order dismissing the action.

1. Under repeated rulings of this court and of the Supreme Court the effect of the order was to sustain all of the demurrers. *Herring* v. *Smith,* 141 *Ga.* 825 (82 S. E. 132); *McClaren* v. *Williams,* 132 *Ga.* 352 (64 S. E. 65); *Gunn* v. *James,* 120 *Ga.* 482 (48 S. E. 148); *Atlanta Post Co.* v. *McHenry,* 26 *Ga. App.* 341 (106 S. E. 324); *Willingham* v. *Glover,* 28 *Ga. App.* 394 (111 S. E. 206); *National Life & Accident Insurance Co.* v. *Leo,* 50 *Ga. App.* 473 (178 S. E. 322); *King* v. *Investors Mortgage & Loan Co.,* 51 *Ga. App.* 235 (179 S. E. 910); *Sparks* v. *Fort,* 29 *Ga. App.* 531 (116 S. E. 227).

2. The court erred in sustaining the special demurrers.

3. The court erred in sustaining the general demurrer. Code § 95-1710 refers only to causes of action *which originate on highways.* The cause of action in this case did not originate on a highway. The fact that stone is taken from one's land and put on a highway does not make a cause of action originating on a highway. The Code section covers, among others, possibly, cases where land is taken or damaged directly by the building or grading of a road, or where there is consequential damage therefrom or otherwise originating on a highway, as in the cases relied on by the plaintiff in error, such as *Taylor* v. *Richmond County,* 185 *Ga.* 610 (196 S. E. 37); *Hardin* v. *State Highway Board,* 185 *Ga.* 614 (196 S. E. 40); *State Highway Board* v. *Perkerson,* 185 *Ga.* 617 (196 S. E. 42). Under the constitutional provision (Code, § 2-301), the plaintiff has a remedy by some kind of suit. Section 95-1710 does not provide it. None of the decisions cited by counsel for the highway board is contrary to what is herein held. All them, both from this court and the Supreme Court, involved causes of action originating on highways which had been taken over by the high-

way department. The legislature has not provided for a suit against a county in any other kind of a case where the county does not participate in the acts which give rise to the cause of action. The language of the statute is plain and unambiguous, and there is no occasion for extension of the plain meaning by judicial construction. If the legislature had intended to include other kinds of causes of action, it could and doubtless would have so provided. It follows that the plaintiff has pursued his proper remedy by bringing his suit against the highway board in the county of the residence of one of the members at the time of the filing of the suit. The court erred in sustaining the demurrers and in dismissing the action.

*Judgment reversed. Stephens, P. J., and Sutton, J., concur.*