32805.   CROMER *v.* DINKLER.

DECIDED JULY 7, 1950.   REHEARING DENIED JULY 26, 1950.

*Winfield P. Jones, Jack F. Broyles,* for plaintiff.

*Lokey & Bowden, Spalding, Sibley, Troutman & Kelley,* for defendant.

SUTTON, C. J. This was an action in Fulton Superior Court by I. A. Cromer against Mrs. Carling Dinkler Sr., for damages for personal injuries sustained by the plaintiff on account of a fall through a hole in the floor of a building while he was working on property owned by the defendant as the employee of an independent contractor. The following appears in the amended petition: "3. Petitioner shows that the defendant is the owner of one certain house and lot located on the Decatur Flat Shoals Road in DeKalb County, Georgia. 4. Petitioner shows further that in February, 1949, defendant was engaged in repairing and remodeling . . said house, and was improving the grounds

about said house, yard and driveway, both by day labor and by contract, with one J. C. Whitlock, father of the defendant, in charge of and directing said work. 5. Petitioner shows that on or about February 15, 1949, the Morris Construction Company, for whom your petitioner worked, was employed by contract by the defendant, through her said agent, J. C. Whitlock, to do certain concrete work in and about the yards of the said premises, the said work consisting of laying walks, building walls, driveways and terraces. He shows that the Morris Construction Company was an independent contractor and that the defendant had no direct supervision of its work, being interested only in the completed job. 6. Petitioner shows further that the said concrete work required forms made of wood, which had to be, and were constructed on the premises, and that an electric handsaw was used in the making of said forms, said saw requiring an electric current from some source for its operation, and that the only sockets or connections from the wire to the saw were in the defendant's house. 7. Petitioner shows that prior to February 22, 1949, and during the period or life of the contract between Morris Construction Company and the defendant, the servants of the Morris Construction Company had obtained the necessary current to operate the said handsaw from a connection in the basement of the house, the said servants of Morris Construction Company having gone into the basement for the purpose of making the connection, by and through the consent of defendant's agent, J. C. Whitlock, he, Whitlock, having been upon the premises in an inspection capacity during the operation of the said saw, and he knew or should have known that the electric current was being obtained from the basement of the house. 8. Petitioner shows further that on or about February 22, 1949, he was on the grounds superintending the making of said forms, for and on behalf of the said Morris Construction Company, and at about 8:45 a. m. it became necessary for him to use the electric current in the operation of the said saw. He shows that he went to the basement of the house for the purpose of connecting the wire and found defendant's workmen laying tile thereon, and that the needed socket could not be used without interfering with the progress of the work. He further shows that he then went to the front porch of the house and asked a

carpenter, one Paul Edwards, where another connection could be found, and was told by Edwards, an employee of defendant, that a connection was just inside the house from where they stood, and for petitioner to follow him through the frame of a large front opening or window facing the porch. He shows that said Paul Edwards then stepped through the opening at one end, and that petitioner looked into the room and saw an apparently sound floor with brown paper laying thereon for three or four feet at the inside base of the opening and then also stepped over the sill and into the room as directed. He shows that the said paper gave away under his feet, and that he fell heavily into a hole in the floor that was completely hidden by the aforesaid brown paper, and was seriously, painfully and permanently injured in a manner herein set forth. 9. Petitioner shows also that the said J. C. Whitlock, agent of the defendant, and Paul Edwards, employee of defendant, knew or should have known that the tile was being laid in the basement of the house, and knew or should have known that petitioner could not, on this particular day, use the connection located in the basement, and knew or should have known that petitioner was compelled to use another connection located somewhere within the house itself. He shows further that the said J. C. Whitlock, on or about February 21, 1949, the day before petitioner suffered his injuries of which he herein complains, had, because of the work being done in the said basement, personally instructed another servant of the Morris Construction Co., one Amos Kirk, to obtain the current necessary in operating the said electric saw from the socket located in the house and in the same room in which your petitioner was injured. 10. Petitioner shows also that he had never at any time, other than the date of his injury, been within the house itself, only having been in the basement, and that he had no knowledge of the hole in the floor, and was not warned thereof, and that he had no way of knowing that he was stepping into a blind trap. He shows further that the said J. C. Whitlock, agent of the defendant, had had the hole complained of herein cut in the floor for the purpose of building a stairway; that he knew of its existence, and had had it covered with paper to keep dust out of the house. 11. Petitioner shows that when he stepped into the said hole his face

hit one of [the] joist[s] in the floor and that about one half inch of his nose was completely severed, with the exception of a small particle of skin; that his legs and body were severely bruised and contused, and that his nerves were severely shocked. He shows that the injury to his nose is permanent, it being at the present time without feeling, and that he will carry an ugly scar so long as he lives. 12. Petitioner charges defendant with negligence in the following particulars: (a) In leaving an unprotected hole in the floor so close to a wide opening. (b) In covering the said hole with brown paper so that it was not visible and not detectable. (c) In not warning your petitioner of the danger of entering the house through the opening. (d) In directing petitioner through the opening and not warning of the hole. (e) In leaving a hole in the floor so close to the opening and not covering it with some solid or weight-resisting material. (f) In leaving a hole in the floor so close to a wide opening into the house and not putting a frame or fence around it, or a warning sign near it. 14. Petitioner shows that on February 22, 1949, the said house was unoccupied; that no one was living therein, and that the said Paul Edwards was in charge of the keys to the place, and had the authority to allow workmen about the place to enter the house."

The defendant demurred generally and specially to the original petition, and renewed the demurrers on each and every ground thereof after the petition was amended. In addition to the usual general ground, that is, that the petition failed to state a cause of action, the grounds of demurrer were in the form of objections, various reasons being assigned, to certain language or paragraphs of the petition, as follows: In paragraph 9 of the petition, that "petitioner was compelled to use another connection located elsewhere ['somewhere' is the word used in the petition] within the house itself." In paragraph 10 of the petition, that the plaintiff had no knowledge of the hole in the floor, was not warned thereof, and had no way of knowing that he was stepping into a blind trap. Paragraph 12 of the petition, the allegations of negligence, in its entirety. In paragraph 14 of the petition the allegations respecting the authority of Paul Edwards to allow workmen about the place to enter the house.

The trial judge sustained the demurrers and dismissed the

petition, and the plaintiff excepted to the "order sustaining said general demurrer to plaintiff's petition and dismissing said petition, as amended."

One of the contentions of the defendant is that the exception assigns error only on the sustaining of the general demurrer and dismissal of the petition, that the effect of the order and ruling of the trial judge was to sustain the demurrers on each and every ground and that as a result it is the law of the case, unexcepted to, that each of the grounds of special demurrer was good, and that consequently this court, in considering the question presented by general demurrer as to whether or not the petition stated a cause of action is limited to a consideration of such question based on the petition after all parts have been stricken to which objection was made by the grounds of special demurrer, and that the petition when so considered fails to state a cause of action.

"Where a demurrer to a petition contains general and specific grounds, and the court passes an order on the demurrer, there is no presumption that the ruling was based on any particular ground, but the order will be treated as passing on the entire demurrer and on all its grounds. *McLaren* v. *Williams*, 132 *Ga.* 352 (64 S. E. 65)." *Atlanta Post Co.* v. *McHenry*, 26 *Ga. App.* 341 (1) (106 S. E. 324). Also, see *Hall* v. *State Highway Board*, 66 *Ga. App.* 190, 194 (1) (17 S. E. 2d, 291). "If a special demurrer is urged to a petition, or other pleading, already of file, attacking only certain parts of it, and is sustained, the result is to eliminate the parts so held bad." *White* v. *Little*, 139 *Ga.* 522 (3) (77 S. E. 646). It is well settled that a ruling on demurrer by the trial judge, standing unreversed and to which there is no exception, is the law of the case, right or wrong. In this connection see *Baker* v. *City of Atlanta*, 22 *Ga. App.* 483 (96 S. E. 332); *Thomas* v. *Georgia Ry. & Power Co.*, 23 *Ga. App.* 428 (98 S. E. 360); *Truitt* v. *Southern Ry. Co.*, 80 *Ga. App.* 790, 793 (57 S. E. 2d, 496); *Georgia Northern Ry. Co.* v. *Hutchins*, 119 *Ga.* 504 (2) (46 S. E. 659); *Palmer* v. *Jackson*, 188 *Ga.* 336, 338 (1) (4 S. E. 2d, 28). It is clear that the exception in the present case is only to the sustaining of the general demurrer and the dismissal of the petition. Under the foregoing authorities this court is bound by the rulings on special demurrer

which became the law of the case, right or wrong, there being no exception thereto, and the effect of such rulings was to eliminate all parts of the petition which were attacked by the special demurrers.

When the petition is considered in the light of the effect of the rulings on special demurrer, the alleged fact that the petitioner was compelled to use another electrical connection, the alleged fact that he had no knowledge of the hole in the floor, was not warned thereof, and had no way of knowing that he was stepping into a blind trap, all of the alleged acts of negligence, and the alleged fact that Paul Edwards had authority to allow workmen to enter the house, are eliminated. With these allegations deleted the petition is subject to general demurrer as failing to state a cause of action, no negligence on the part of the defendant being shown on which a recovery would be authorized. In this connection see *Harden* v. *Georgia R. Co.*, 3 *Ga. App.* 344 (59 S. E. 1122), where it was held that "A plaintiff must allege sufficient specific acts of negligence, as to the injured party, to withstand demurrer, and can recover only on the specific acts alleged." Also, see *Southern Ry. Co.* v. *Standard Growers Exchange*, 34 *Ga. App.* 534, 536 (7) (130 S. E. 373); *Georgia Brewing Assn.* v. *Henderson*, 117 *Ga.* 480 (43 S. E. 698); *Central R. Co.* v. *Golden*, 93 *Ga.* 510, 515 (21 S. E. 68). Under the facts as disclosed by the record in this case, the trial judge did not err in sustaining the general demurrer to the petition and in dismissing the action.

Pursuant to the act of the General Assembly, approved March 8, 1945 (Ga. L. 1945, p. 232, Code, Ann. Supp., § 24-3501), this case was considered and decided by the court as a whole; and after a rehearing was granted the judgment of the trial court was affirmed as above stated.

*Judgment affirmed. All the Judges concur.*