## 35457. EATON *v.* BLUE FLAME GAS COMPANY.

NICHOLS, J. Vernon Eaton brought suit in the Superior Court of Whitfield County for damages arising from his house and furnishings being destroyed by fire, which fire, it is alleged, started from a propane-gas furnace installed in the plaintiff's house by the defendant, Blue Flame Gas Company, Inc. The plaintiff in his petition says that the defendant was negligent as hereinafter shown. The plaintiff then sets forth that he purchased the furnace from the defendant who had assured him as an expert that the furnace would operate properly. The defendant installed the furnace, started it burning, and adjusted it. Later when it made loud popping noises, the plaintiff called the defendant who came

to the plaintiff's house and made more adjustments on the furnace, and again stated that the furnace would operate properly. The plaintiff further alleges that the furnace caught the house on fire and burned it and its contents. The plaintiff then alleges, as a conclusion without supporting facts, that "it follows that it was the fault and negligence of the defendant, as the defendant held itself out to be experienced and an expert in installing and regulating said furnace and making it function properly and without danger to petitioner and his property." The plaintiff does not allege anywhere in his petition that the defendant was negligent in installing or adjusting the furnace. The court sustained the defendant's general demurrer and dismissed the action. The plaintiff excepted. *Held:*

1. A plaintiff must allege sufficient specific acts of negligence, as to the injured party, to withstand demurrer, and can recover only on the specific acts alleged. *Harden* v. *Georgia R. Co.*, 3 *Ga. App.* 344 (59 S. E. 1122); *Cromer* v. *Dinkler*, 82 *Ga. App.* 227, 232 (60 S. E. 2d 482); *Kellett* v. *Templeton*, 61 *Ga. App.* 230 (6 S. E. 2d 392). The doctrine of res ipsa loquitur has no application to pleadings. *Fulton Ice &c. Co.* v. *Pace*, 29 *Ga. App.* 507 (116 S. E. 57). The amended petition fails to distinctly set out or allege any specific act of negligence. The action was properly dismissed on general demurrer.

2. In view of the above ruling on the general demurrer, it is unnecessary to consider the special demurrers.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*

DECIDED FEBRUARY 23, 1955.

Harris & Harris, Alec Harris, for plaintiff in error.
Pittman, Hodge & Kinney, contra.