37623. SHAW *v.* SULLIVAN *et al.*

Decided April 21, 1959—Rehearing denied May 12, 1959.

*S. S. Robinson,* for plaintiff in error.

*Powell, Goldstein, Frazer & Murphy, J. Winston Huff, Robt. L. Harlin,* contra.

Nichols, Judge. The plaintiff's petition alleged the circumstances surrounding the incident when she allegedly received certain enumerated injuries when she tripped over a steel cable stretched across a walkway which led from her apartment building to the street. It was alleged, in substance, that the defendants were engaged in the business of moving houses, and that at the time the plaintiff was injured the defendants were engaged in

moving an apartment building which was a part of the same project in which she lived. The petition further alleged the location of the cable, the surrounding terrain, the fact that no warning was given her of the presence of the cable, that it was approximately 1 p.m. when she tripped over the cable, what her injuries were, and other facts concerning work and noise around the area. The petition contained the following allegations as to negligence: "That the sole and proximate cause of petitioner's injury and damage was due to the gross negligence and wanton disregard by said defendants of their duty to petitioner. . . That said defendants could have avoided injuring and damaging petitioner by the exercise of ordinary care."

"A plaintiff must allege sufficient specific acts of negligence, as to the injured party, to withstand demurrer, and can recover only on the specific acts alleged. *Harden v. Georgia R. Co.,* 3 *Ga. App.* 344 (59 S. E. 1122); *Cromer v. Dinkler,* 82 *Ga. App.* 227, 232 (60 S. E. 2d 482); *Kellett v. Templeton,* 61 *Ga. App.* 230 (6 S. E. 2d 392). The doctrine of res ipsa loquitur has no application to pleadings. *Fulton Ice &c. Co. v. Pace,* 29 *Ga. App.* 507 (116 S. E. 57)." *Eaton v. Blue Flame Gas Co.,* 91 *Ga. App.* 510 (1) (86 S. E. 2d 334). Accordingly, since the petition in the present case fails to specify the acts of negligence relied upon and merely gives a history of the circumstances whereby the plaintiff was allegedly injured, the judgment of the trial court sustaining the renewed general demurrer to the petition as amended was not error for any reason assigned.

*Judgment affirmed. Quillian, J., concurs. Felton, C. J., concurs in the judgment.*