38083.  SHELL OIL COMPANY *v.* MICHAEL.

DECIDED MARCH 2, 1960—REHEARING DENIED
MARCH 24, 1960.

338

*Casper Rich, John C. Lee,* for plaintiff in error.

*Reed, Ingram & Flournoy, Robert E. Flournoy, Jr.,* contra.

FELTON, Chief Judge. The petition simply alleges that the defendant was indebted to the plaintiff in certain amounts as shown by his attached contract and that said amounts are "true, due, just and unpaid." The contract states that the defendant guarantees the prompt and full discharge, at maturity, of any and all indebtedness of James E. Starnes under a certain commission manager's bond. Even if we accept the plaintiff's contention that this is sufficient as against a general demurrer, the superior court's judgment of dismissal must still be affirmed.

The order of the court sustaining the "within and foregoing demurrers" necessarily sustained each of the grounds of general and special demurrers urged by the defendant. "Where a demurrer to a petition contains general and specific grounds, and the court passes an order on the demurrer, there is no presumption that the ruling was based on any particular ground, but the order will be treated as passing on the entire demurrer and on all its grounds. . . It is well settled that a ruling on demurrer by the trial judge, standing unreversed and to which there is no exception, is the law of the case, right or wrong." *Cromer* v. *Dinkler,* 82 *Ga. App.* 227, 231 (60 S. E. 2d 482) and cases cited. The plaintiff has excepted only to the sustaining of the general demurrer and the dismissal of the petition. Therefore the correctness of the ruling on each of the special demurrers cannot be passed on by this court.

We are mindful of the rule stated in *McSwain* v. *Edge,* 6 *Ga. App.* 9, 11 (64 S. E. 116): "Where a court at one and the same

time passes upon a demurrer containing both general and special grounds, and sustains the demurrer and dismisses the action, without giving the plaintiff opportunity to amend, the judgment will be reversed if it appears that the general demurrer was improperly sustained." However, the record in the present case does not disclose that the ruling of dismissal was made without giving the plaintiff opportunity to amend, and there is no exception to any failure to grant such opportunity. "The demurrers were heard before the lower court; no request was made, so far as the record discloses, for time to amend; and there is no exception to a refusal of opportunity to amend. The lower court should, on request, allow time to amend to meet a demurrer. A refusal to give such opportunity is subject to exception and review." *Tinsley* v. *Maddox,* 176 *Ga.* 471, 487 (168 S. E. 297). Irrespective of whether such exception may have been necessary prior to this ruling by the Supreme Court, the decision in *Tinsley* v. *Maddox* now governs the matter.

Where the delinquency pointed out by special demurrer relates to the entire cause of action and the plaintiff does not amend so as to make his petition more certain in the particulars wherein he has been delinquent, the petition may be dismissed. *McSwain* v. *Edge,* 6 *Ga. App.* 9, supra. Certain of the grounds of special demurrer in the present case do relate to the entire cause of action and no amendment was filed by the plaintiff to meet them. Therefore, in the absence of an exception to the sustaining of the special demurrers to the petition and also in the absence of exception to any refusal by the court of opportunity to amend so as to meet these demurrers, we cannot say that the judgment dismissing the petition was erroneous, regardless of whether the general demurrer was correctly sustained or not.

*Judgment affirmed. Nichols and Bell, JJ., concur.*