42558. LOVE, by Next Friend v. HUDSON et al.

FRANKUM, Presiding Judge. Plaintiff's petition for damages alleged that the defendants were operators of a motion picture theater; that they sold to the plaintiff, a minor of tender years, a ticket for admission thereto; that plaintiff entered, took his seat, viewed a portion of the picture, and went to sleep; that when the plaintiff awoke the theater was dark, and after his calls for help went unanswered, he was injured while attempting to escape from the locked theater by existing through a bathroom window; "that it was the duty of the

said defendants to use such care as is required by law to so operate, control and maintain" the theater "to protect its customers in all respects"; that defendants did not use the care required by law, but, on the contrary, carelessly and negligently failed to control and maintain the theater in disregard of the safety of their patrons and customers, and thus caused the injury to the plaintiff. While, ordinarily, general allegations of negligence are sufficient as against a general demurrer, this rule does not relieve the plaintiff from the necessity of alleging some act or omission on the part of the defendants which may reasonably be said to constitute negligence as to the plaintiff. In the instant case the only acts of the defendants alleged are that they operated a motion picture theater, and that they sold a ticket to the plaintiff. No omission of duty in any respect is alleged, and no facts are alleged which could be said to show that the defendants committed an act of negligence. The bare conclusion that the defendants were negligent in failing to use such care as is required by law, being wholly unsupported, were insufficient to withstand a general demurrer, and the trial court did not err in sustaining the demurrer and in dismissing the petition. *Holloman v. Henry Grady Hotel Co.*, 42 Ga. App. 347 (156 SE 275); *Anderson v. Fussell,* 75 Ga. App. 866 (44 SE2d 694); *Shaw v. Sullivan,* 99 Ga. App. 527 (109 SE2d 95); *Shepherd v. Whigham,* 111 Ga. App. 274, 276 (2) (141 SE2d 583); *Davis v. Aiken,* 111 Ga. App. 505 (142 SE2d 112).

*Judgment affirmed. Deen and Quillian, JJ., concur.*

ARGUED JANUARY 10, 1967—DECIDED FEBRUARY 15, 1967.

*Floyd H. Wardlow, Jr.,* for appellant.
*John R. Rogers,* for appellees.